## J. M. OGDEN v. A. G. HATRY ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF VENANGO COUNTY.

Argued October 7, 1891—Decided January 4, 1892.

(a) A covenant in an oil-lease provided that a failure of the lessee to per-
form " by either completing a well within the term aforesaid, or pay-
ing said rental, shall render this lease and agreement null and void, . . .
and all rights . . . . . of any and all parties hereunder, shall there-
upon . . . . . be extinguished, . . . . as if this agreement had never
been made."

1. An action for rental was within the rule of Wills v. N. Gas Co., 130 Pa.
222; Ray v. N. Gas Co., 138 Pa. 576, that such a covenant was for the
benefit of the lessor, and the lessee, by his own act and default, could
not relieve himself from a liability already incurred. The clauses after
the words " null and void " added more verbiage, but no more force.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, Mc-
COLLUM and MITCHELL, JJ.

No. 223 October term 1891, Sup. Ct.; court below, No. 9
April Term 1891, C. P.

On January 28, 1891, an appeal was entered by the defend-
ants from the judgment of a justice of the peace in favor of
Joseph M. Ogden against A. G. Hatry and the Hazelwood Oil
Co. On February 9th, the plaintiff filed a statement of claim,
with proper averments, to recover one year's rental on a lease
of land for oil purposes, to wit, eighty dollars, due Decem-
ber 11, 1890. The lease contained a forfeiture clause copied
into the opinion of this court, infra.

On February 20, 1891, the defendants filed an affidavit of
defence, the averment thereof relied upon being as follows :

" That by the terms of said lease, a failure on the part of
the second party thereto, the said Arters [the original lessee],
his heirs, executors, administrators and assigns, to complete a
well within the time aforesaid, or pay said rental,—that is, a fail-
ure to do either the one or the other,—rendered said lease and
agreement null and void, and not to remain or to be continued

Opinion of the Court.

in force, or be revived without the consent of both parties in writing, and all the rights, claims and demands, of any kind or nature, of any and all parties thereunder, thereupon ceased, determined, and were extinguished, with like effect as if said agreement had never been made; that said well was not completed within the time aforesaid, nor was said rental paid, and said lease was never continued in force or revived by the consent of both parties in writing, or by any of the defendants."

It was also averred that, on December 4, 1890, said lease was returned to the plaintiff, and the defendant Hatry had the plaintiff's receipt therefor dated December 11th.*

On June 23, 1891, a rule for judgment for want of a sufficient affidavit of defence was made absolute, and judgment entered in favor of the plaintiff for $82.50. Thereupon, the defendants took this appeal, assigning the order entering judgment for error.

*Mr. Geo. S. Criswell* (with him *Mr. J. W. Lee*), for the appellants.

Counsel cited and considered Galey v. Kellerman, 123 Pa. 491; Wills v. N. Gas Co., 130 Pa. 222; Ray v. N. Gas Co., 138 Pa. 576.

*Mr. J. S. Carmichael* (with him *Mr. R. W. Dunn*), for the appellee.

Counsel cited: Agerter v. Vandergrift, 138 Pa. 593.

PER CURIAM:

We are unable to distinguish this case from Ray v. N. Gas Co., 138 Pa. 576. It is true, the language of the leases differs somewhat, but the difference is more seeming than real. In the case cited, the lease provided that, if the lessee failed to do what he had agreed to do, the lease should "be null and void, and to remain without effect between the parties." In the case in hand, the clause relied upon as exempting the lessee from liability is as follows:

"A failure on the part of the second party to comply with

---

* It appeared that the lease was transmitted by mail, perhaps by registered letter.

Syllabus.

the terms of this covenant, by either completing a well within the term aforesaid or paying said rental, shall render this lease and agreement null and void, and not to remain or be continued in force or be revived without the consent of both parties in writing, and all rights, claims and demands, of any kind or nature, of any and all parties hereunder, shall thereupon cease, determine, and be extinguished, with like effect as if this agreement had never been made."

There is more verbiage here, but no more force. Had the clause ended with the words "null and void," the legal effect would have been the same. To say that a lease shall be "null and void" upon a certain contingency, is using as strong language as the subject is capable of. We think the case comes within the ruling of Wills v. N. Gas Co., 130 Pa. 222, and Ray v. N. Gas Co., supra, where it was held that a clause such as this was intended for the benefit of the lessor, and that the lessee cannot, by his own act and default, relieve himself from a liability previously incurred.

Judgment affirmed.