## Leatherman *v.* Oliver, Appellant.

[Marked to be reported.]

*Oil lease—Void on failure to drill well, etc.*

An oil lease provided that the lessee should complete a well on the leased premises within six months " or in default thereof pay to the party of the first part for further delay an annual rental of five hundred dollars, payable quarterly in advance." It was further provided that " a failure to complete said well, or pay said rental for ten days after the time above specified for so doing shall render this agreement null and void, and it can only be renewed by mutual consent; and no right of action shall after such failure accrue to either party on account of the breach of any promise or agreement herein contained."

*Held,* that upon failure to drill the well within six months the lessor was entitled to the stipulated rental, and that the latter clause did not deprive him of his right of action. By the latter clause the parties meant that the lessor could not re-enter and treat the rights of the lessee as forfeited or abandoned on the day the default happened, but that he must give the lessee ten days of grace in which to make payment, before he could take advantage of the default to terminate the lease. The lessee, however, could not compel the lessor to re-enter so as to terminate the lease for his, the lessee's, benefit.

Argued Nov. 3, 1892. Appeal, No. 168, Oct T., 1892, by defendant, James B. Oliver, from order of C. P. No. 2, Allegheny Co., Oct T. 1891, No. 349, making absolute a rule by plaintiff, M. F. Leatherman et al., for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for rent on oil lease.

Plaintiff's statement averred that on July 15, 1890, plaintiffs: " made, executed and delivered unto the said defendant a lease for oil and gas purposes of their above described premises for the term of five years, by the terms of which said defendant was given the exclusive right of drilling and operating for petroleum and gas which said right said defendant still retains; in consideration of the said grant the said defendant agreed to give the said plaintiffs one fourth of all the oil produced on the said premises and five hundred dollars per annum for the gas from each well, so long as it shall be sold from the premises, and further agreed to complete a well on the above described premises in six months from the date of said lease or in default thereof to pay to the plaintiff for further delay an annual rental of five hundred dollars, payable quarterly in advance, and further agreed that said rental should be paid as specified in quarterly installments every three months in advance, one hundred and twenty-five dollars at each payment; that the said defendant has neglected and failed to drill or cause the said well to be drilled and has failed to make payments to the said plaintiffs, whereupon said plaintiffs say that they are now entitled to receive the whole of the first year's rental, to wit, the sum of five hundred dollars."

The material clause of the lease was as follows:

" It is further agreed that the party of the second part shall complete a well on the above described premises within six months from the date hereof, or in default thereof pay to the party of the first part for further delay, an annual rental of ($500) five hundred dollars, payable quarterly in advance on the said premises from the time above specified for completing a well until such well shall be completed. The said rental shall be paid as a deposit to the credit of the party of the first part at Alexander & Co.'s bank, Monongahela City, Pa., or be paid direct to said first party. And a failure to complete such well, or pay said rental for ten days after the time above specified for so doing, shall render this agreement null and void, and it can only be renewed by mutual consent; and no right of action shall, after such failure, accrue to either party on account of a breach of any promise or agreement herein contained."

The affidavit of defence denied defendant's liability under the lease and the facts averred in plaintiff's statement.

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was entry of judgment.

*W. B. Rodgers*, for appellant.—By the express terms of the contract the lessor released his right of action for a breach of the covenants of the lease. The contract amounted to a mere option: Ray v. Gas Co., 138 Pa. 576; Nelson v. Von Bonnhorst, 29 Pa. 355; Singerly v. Thayer, 108 Pa. 291; Krum v. Mersher, 116 Pa. 17.

If any right of action accrued on failure to complete the well, it was only for the first installment of the rent: Wills v. Gas Co., 130 Pa. 222.

*G. W. Wurzell*, *Charles G. McIlvain* with him, for appellee.— Defendant is admittedly in default, has paid nothing, yet he tries to set up his own default and take advantage of his own wrong as a bar to plaintiff's recovery. This he cannot do: Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Westmoreland Nat. Gas Co. v. De Witt, 130 Pa. 235; Ray v. Gas Co., 138 Pa. 576; Springer v. Gas Co., 145 Pa. 430; Ogden v. Hatry, 145 Pa. 640; Jones v. Gas Co., 146 Pa. 204; Phillips v. Vandergrift, 146 Pa. 357.

The whole clause in the lease was for the benefit of the lessor. It is only when the lessor declares a forfeiture that the latter clause becomes operative.

The cases of Nelson v. Von Bonnhorst, 29 Pa. 355; Singerly v. Thayer, 108 Pa. 291, and Krum v. Mersher, 116 Pa. 17, are inapplicable. In the case of Nelson v. Von Bonnhorst, the defendant gave a due bill and promised to pay " whenever in my opinion my circumstances will enable me to do so." This was held to be merely a moral obligation.

OPINION BY MR. JUSTICE WILLIAMS, November 11, 1892.

The question raised in the court below and in this court is over the sufficiency of the affidavit of defence. The contract sued on is what is commonly called an oil lease, made by the plaintiffs to the defendant, which covers one hundred and fifty-five acres of land; and which was to continue for five years " and as much longer as oil or gas should be found or the

rental paid thereon." The lessee agreed to complete a well on the leased premises within six months, "or in default thereof pay to the party of the first part for futher delay an annual rental of five hundred dollars, payable quarterly in advance." It is conceded that the lessee did not complete a well on the premises or pay the yearly rental in lieu thereof. The plaintiff insisted that having given the defendant the benefit of an exclusive right to bore for oil or gas upon his farm in accordance with the terms of the lease, he is entitled to performance on the part of his lessee, and accordingly sues to recover a year's rent, which the lease fixes at five hundred dollars. The defendant replies in substance that it is true he promised to complete a well within six months, or pay the rental until he should do so; but that it is also stipulated in another part of the same instrument that he shall be under no obligation to do either. The clause relied on to operate as a release from his covenants, is as follows: "And a failure to complete such well, or pay said rental for ten days after the time specified for so doing, shall render this agreement null and void, and it can only be renewed by mutual consent; and no right of action shall, after such failure, accrue to either party on account of a breach of any promise or agreement herein contained." The contention of the defendant is that this clause relieves him from all liability for any breach of his covenants, and takes away from the plaintiff any possible form of legal remedy or redress.

In considering the legal effect of the anomalous provision in the lease before us, two well established rules of construction should be borne in mind. One of these is, that words should be taken most strongly against him whose words they are. The other asserts, that between two or more conflicting constructions of an instrument, that one should ordinarily be adopted that will sustain most of its provisions. Turning now to the lease, we find it contains a plain, unequivocal promise or covenant to complete a well on the premises within six months from the date of the contract, "or in default thereof to pay to the party of the first part for further delay an annual rental of five hundred dollars." Under the express words of this promise, the rental is payable quarterly in advance, and the first payment fell due at the end of six months from the date of the contract, unless a well had been completed on or before that

day. A right of action accrued at that time. The liability of the lessee was fixed.

The clause relied on by the defendant provides,,.first, that, if no well is drilled, and the rent remains unpaid for ten days after it is due, the agreement shall be null and void, and shall not be renewed, except by mutual consent. This, as we have repeatedly said, is for the protection of the lessor, and not of the defaulting lessee: Galey v. Kellerman, 123 Pa. 491; Wills v. The Gas Company, 130 Pa. 222; Ogden v. Hatry, 145 Pa. 640. The lessor may, in this way, rid himself of a lessee who will do nothing; or he may, at his election, resort to his legal remedies upon the contract. The words mainly relied on by the defendant are those that assert that " no right of action shall, after such failure, accrue to either party on account of a breach of any promise or agreement herein contained." To what do the words " after such failure " relate? They must relate to the failure described in the preceding sentence, and that is not the failure to drill a well within six months, or to pay the rent on the day it falls due, but a continued failure to make such payment for ten days after it fell due.

The lessor cannot re-enter and treat the rights of the lessee as forfeited or abandoned on the day the default happens, but he must give the lessee ten days of grace, in which to come in and make payment, before he can take advantage of the default to terminate the lease. When the ten days have expired, if the lessor asserts the forfeiture, the contract becomes null and void from that day forward. It can only be revived by agreement. Out of this now extinguished relation, created by the contract, no right of action can accrue. The covenants have ceased to bind. The agreement itself is at an end.

But the lessor in this case did not choose to insist on the forfeiture, when the ten days expired. No one could assert it for him, except under his direction. No one could compel him to assert it. Certainly the defendant, who had promised to drill a well or to pay the rental of five hundred dollars per year, if he failed to complete a well within six months, and as against whom a right of action had accrued upon the happening of his default, could not compel his lessor to re-enter for his, the lessee's, benefit. He might surrender. He could divest himself of his interest in the lease, but he could not strip

his lessor of his rights under that instrument, or of a cause of action already accrued. But let us suppose the lessor had entered, asserted the forfeiture, and made a new lease to other parties for the same farm. This would have extinguished the rights, and, with them, the obligations of the lessee for the future. The contract would have become thereby null and void from and after the day when the forfeiture was asserted, and no cause of action thereafter accruing upon the covenants of the lease could be asserted. This is quite clear. But such action by the lessor could not operate as a release of the defendant from liability, by reason of any right of action which had already accrued. That is a result not among the legal consequences of the re-entry, and not " nominated in the bond " on which the defendant relies. The construction of this agreement which we have adopted, does violence neither to its letter nor its spirit. It gives its appropriate office to every covenant in it, and makes the contract itself a reasonable and an honest one.

The judgment of the court below is for these reasons affirmed.