## H. H. Conger et al. *v.* National Transportation Co., Appellant.

*Oil lease—Failure to drill well—Rent.*

An oil lease provided that the lessee should complete one well within twelve months, or in default thereof should pay the lessor a certain sum for yearly delay in completing the well until the well should be completed. The lease further provided that "a failure on the part of the second parties to make any of the payments within ten days after the time hereinbefore stated, and in manner provided for, renders this lease null and void, and to remain without effect between the parties hereto, and it can be renewed only by mutual consent, and no right of any action shall, after such failure, accrue to either party, by reason of the breach of any promise or agreement herein contained." *Held* that, upon failure to drill the well within twelve months, the lessor was entitled to the stipulated rental for each year of delay. Leatherman v. Oliver, 151 Pa. 646, followed.

Argued Oct. 1, 1894. Appeal, No. 230, Oct. Term, 1894, by defendant, from order of C. P. No. 3, Allegheny Co.,

Nov. T., 1893, No. 388, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on oil lease.

Plaintiff's statement averred that, on July 17, 1890, plaintiffs executed and delivered to defendant an oil and gas lease for a tract of land in Morris township, Washington Co., Pa., containing 190 acres, more or less, upon an expressed consideration of $300.

By this lease, defendant's company was to complete one well on said farm within twelve months from the date thereof, or in default thereof to pay to plaintiffs the sum of $350, for yearly delay in completing the well, on July 17, 1891, and annually thereafter on that date, until the said well should be completed.

The lease also contained this clause: "A failure on the part of the second parties to make any of the payments within ten days after the time hereinbefore stated, and in manner provided for, renders this lease null and void, and to remain without effect between the parties hereto, and it can be renewed only by mutual consent, and no right of any action shall, after such failure, accrue to either party, by reason of the breach of any promise or agreement herein contained."

Defendant never entered upon nor drilled a well on the premises, and paid no rental. Plaintiffs claimed to recover three installments of $350 each for three years' delay in completing the well.

The affidavit of defence was as follows:

" W. E. Taylor being duly sworn, says that he is agent for defendant, and took the lease sued on : at the time of taking the lease he paid to the lessors therein $1,295 cash. The defendant never exercised any acts of ownership on said land, and affiant, on June 9, 1891, for defendant, made a tender and offer of surrender of said lease to both lessors, but they refused to accept the same, and defendant claims that thereafter there was no right of action or liability upon it under the lease, but if there was, submits that said liability was only for the first year's rental and interest thereon and no more."

Rule for judgment absolute.   Defendant appealed.

*Error assigned* was above order, quoting it.

*W. B. Rodgers*, for appellant, cited: Aderhold v. Oil Well Supply Co., 158 Pa. 401.

*Charles G. McIlvain, Geo. W. Wurzell* with him, for appellee, cited: Leatherman v. Oliver, 151 Pa. 646; Galey v. Kellerman, 123 Pa. 491; Aderhold v. Supply Co., 158 Pa. 401; McMillan v. Phila. Co., 159 Pa. 142; Liggett v. Shira, 159 Pa. 350.

PER CURIAM, Jan. 7, 1895:

The case of Leatherman v. Oliver, 151 Pa. 646, was carefully considered and deliberately decided.   The important feature of the covenant in that case was in the same language as is the similar covenant in this.   Unless we overrule that judgment we must affirm this.   We see no sufficient reasons for so doing and therefore

The judgment is affirmed.