# James E. Mathews *v.* The Peoples Natural Gas Co., Appellant.

[Marked to be reported.]

*Lease—Oil and gas lease—Forfeiture—Rent.*

Plaintiff leased two vacant lots intended for building purposes to defendant for oil and gas purposes. The lease contained these provisions: "The party of the second part covenants to commence operations on this land for said purpose within three months from the execution of this lease, or thereafter pay the party of the first part fifty (50) dollars per month until work is commenced; to be paid each month in advance. . . . . And after work is commenced it is to be prosecuted with due diligence until completion. . . . It is mutually understood and agreed by both parties hereto, that in no case shall the commencing of a well on the above described land be delayed beyond a period of six months from date of this lease, and if no well is commenced inside of said six months the penalty to be a forfeiture of this lease, and neither party being held further. And it is further understood and agreed that a well drilled on either of above described lots will hold the lease on the other lot for the full term of the lease." The lease reserved to the lessor the right to use the premises, except such part as should be necessary for the drilling of wells.

About one year after the date of the lease, plaintiff entered on one of the lots and built a house. At this time, however, a stake had been set by defendant indicating the site of a future well, and it appeared that the building would not have materially interfered with the operation. Three years after the date of the lease plaintiff conveyed by deed one of the lots to another person without reservation of any right of defendant as lessee to the oil and gas. *Held*, (1) that the clause of forfeiture contained in the lease was for the benefit of the lessor; (2) that the erection of the building on one of the lots was not an assertion of the right of forfeiture; (3) that the absolute conveyance of one of the lots was a constructive eviction of defendant, and ended his liability for rent; (4) that plaintiff was entitled to recover rent until the date of the absolute conveyance of one of the lots.

Argued Oct. 19, 1896. Appeal, No. 49, Oct. T., 1896, by defendant, from judgment of C. P. Washington Co., Feb. T., 1895, No. 158, on case tried by the court without a jury. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on an oil and gas lease submitted to the court on the law and the facts under the act of 1874. Before Mc-ILVAINE, P. J.

At the trial it appeared that the lease contained the following clause : " The said party of the first part to fully use and enjoy the said premises for the purposes of tillage, except such part as shall be necessary for said purposes and a right of way to and from the place or places of operating."

The other material facts appear by the opinion of the Supreme Court.

The court entered the following decree :

And now, December 30, 1895, it is ordered, adjudged and decreed, that the defendant company pay to the plaintiff the sum of $2,394.40, being the aggregate of the monthly payments provided for in the contract sued upon from June 6, 1886, to February 6, 1889, and the interest thereon ; and it is further ordered that notice of the filing of this decision be given the parties, or their attorneys of record, as provided by law ; and if no exceptions thereto are filed within thirty days after service of such notice, judgment will be entered thereon by the prothonotary.

*Error assigned* among others was above decree, quoting it.

*J. W. & A. Donnan* and *W. S. Miller*, for appellant.—The intention of the parties should control in the interpretation of any contract: 2 Parsons on Contracts, 499; Chitty on Contracts, 19; Worrall's Accounts, 5 W. & S. 111; Lacy v. Green, 84 Pa. 514; Williamson v. McClure, 37 Pa. 402; North Am. Land Co.'s Est., 60 Pa. 247; Chicago v. Sheldon, 9 Wallace, 54. We submit that a proper construction of this lease bound the lessee for the payment of three months' rental, one of which has been paid, and that judgment should only have been entered for two months' rental with its interest.

The modern doctrine as to what constitutes an eviction is, that actual physical expulsion is not necessary, but any interference with the tenant's beneficial enjoyment of the demised premises will amount to an eviction in law: Hoeveler v. Fleming, 91 Pa. 324; Linton v. Hart, 25 Pa. 193; Vaughan v. Blanchard, 1 Yeates, 175.

*M. L. A. McCracken*, with him *J. M. Braden, C. W. Campbell, B. E. McCracken* and *J. McGiffin*, for appellee.—The first forfeiture clause, standing alone, gives the lessee the right to hold the property leased without drilling, for twenty years, by paying the monthly rental, and the lessor the right to forfeit only for nonpayment. But the primary object of the lessor in leasing, in this as in all other oil and gas leases, was a development of his property; and the second forfeiture clause was inserted as an additional remedy if the lessee failed to perform the principal covenant: Liggett v. Shira, 159 Pa. 350; Galey v. Kellerman, 123 Pa. 491; Conger v. Transportation Co., 165 Pa. 561; Leatherman v. Oliver, 151 Pa. 649; Jones v. Nat. Gas. Co., 146 Pa. 207; Phillips v. Vandegrift, 146 Pa. 357; Ogden v. Hatry, 145 Pa. 640; Cochran v. Pew, 159 Pa. 184; McMillan v. Phila. Co., 159 Pa. 142.

Aside from an actual expulsion, any act on the part of the landlord which so disturbs the tenant's possession of demised premises as to compel an abandonment of the same, or which deprives him of their beneficial enjoyment, either in whole or in part, or any entry of the landlord upon said premises in such manner as to unfit them for the purposes for which they were leased, will amount to an eviction of the tenant.

OPINION BY MR. JUSTICE DEAN, January 4, 1897:

The plaintiff, on February 6, 1886, leased to defendant for oil and gas purposes, two vacant lots of ground in South Strabane township, Washington county, for the term of twenty years. The lots were intended for building purposes, and although separated from each other nine hundred feet, both were in what is known as the Gantz and Gordon oil pools, and producing wells had been drilled in proximity to them. The leases contained these provisions:

" The party of the second part covenants to commence operations on this land for said purpose within *three months* from the execution of this lease, or thereafter pay the party of the first part fifty (50) dollars per *month* until work is commenced; to be paid *each month in* advance . . . . And after work is commenced it is to be prosecuted with due diligence *until completion.*" . . .

" It is mutually understood and agreed by both parties hereto, that in no case shall the commencing of a well on the above described land be delayed beyond a period of six months from date of this lease, and if no well is commenced inside of said six months, the penalty to be a forfeiture of this lease, and neither party being held further. And it is further understood and agreed that a well drilled on either of above described lots will hold the lease on the other lot for the full term of lease."

The first month's rental was paid, but thereafter no further rental was ever paid, nor was demand made until this suit was brought on January 23, 1895, nearly nine years afterwards. About one year after the date of the lease, February 20, 1887, the plaintiff entered on one of the lots and built a house, but the evidence tended to show that at this time, a stake had been set by defendant, indicating the site of a future well, and that the building would not have materially interfered with the operation. On the 6th day of February, 1889, however, just three years after the date of lease, plaintiff conveyed by deed one of the lots to John D. Porte, without reservation of any right of defendant as lessee to the oil and gas. The claim by plaintiff was for the fifty dollars per month rental from three months after the execution of the lease up to the commencement of the suit. The defendant alleged the true construction of the writing to be that the monthly rental was payable only

from three months after the date of the lease until the expiration of six months, when if there had been no entry for purposes of drilling, the contract was at an end, and all liability on its part ceased. But if this were not the case, then, under the forfeiture clause, all the rights of defendant in case of nonentry terminated at the expiration of six months, and with its termination all liability for rent ended. It was further averred that in any event the entry for building purposes in spring of 1887 was an eviction of the lessee as of that date, and terminated the right of the lessor to demand rent.

The case on the law and facts was submitted to the decision of the court under the act of 1874. The court concluded on the facts under the authority of Leatherman v. Oliver, 151 Pa. 649, and that line of cases, the clauses of forfeiture were for the benefit of the lessor, and that under the evidence he had not asserted his right until the conveyance of the lot to Porte, but that at that date he had by his deed in effect declared the lease at an end. Defendant having paid one month's rent, judgment was entered against him for the monthly rental from June 6, 1886, to February 6, 1889, the latter being the date of the Porte conveyance. From this defendant appeals, assigning for error the construction of the lease and the refusal to hold that the entry for building purposes had not suspended liability for rent.

We decidedly concur with the learned judge of the court below in his construction of the two clauses of the lease relating to forfeiture. As he clearly shows, Leatherman v. Oliver, supra, Jones v. Gas Co., 146 Pa. 207, Phillips v. Vandergrift, 146 Pa. 357, Ogden v. Hatry, 145 Pa. 640, and other cases effectually settle the law, by holding such clauses of forfeiture are for the benefit of the lessor, and until he invokes them, the lessee's liability continues. At the argument it was not clear to us that the entry of the lessor for building purposes was not such an unequivocal act indicating an intention to resume possession of the leased property as terminated his right thereafter to demand rent. But after full consideration we are of opinion under the evidence that neither party so regarded the act at the time. The defendant had set its stake on the lot at the point where a well could be sunk in the future; the building was so located as not to interfere with development at this point. Now if

defendant had attempted to put down a well upon the lot within twenty years, could plaintiff have successfully maintained that the erection of a building covering only a few square feet, had been an assertion of his right of forfeiture? We think therefore the court was right in its rulings on defendant's fourth and fifth points, and the assignment of error raising this question is overruled.

We also think the court was clearly right in holding the Porte conveyance a constructive eviction of defendant from the leased land. There was an absolute conveyance by the lessor of one of the lots ; no reservation of the lessee's right of entry to drill for oil and gas. This clearly ended the liability of lessee for rent, and the court properly computed it only to that date.

All the assignments of error are overruled, and the judgment is affirmed.