## JOSEPHINE BATES v. WINIFREDE COAL CO.

1. A conveyance of land in trust without discretionary control in trustee, but reserving to the *cestui que trust,* during his natural life, the right to collect and receive all rents, issues and profits, paying all taxes and repairs, and the right of appointment of his successor, and, in default thereof, for the use and benefit of his heirs forever, creates, by the rule in Shelley's case, an equitable estate in fee.

2. A *cestui que trust* holding an equitable estate in fee with power of appointment, who conveys his interest by deed through a third party, to take effect *in futuro,* has exercised his power of appointment.

3. Where a lessee has assigned his interest in a perpetual lease and such assignee takes possession and pays rent to the reversioner under such assignment, the assignee has by so doing attorned to the reversioner and is estopped to deny his title.

4. A conveyance of a perpetual lease by the reversioner reserving a life estate in the reversion to the grantor, where the lease has been duly recorded, it is not a breach of the covenant for quiet enjoyment by the tenant, as such record is notice to the grantee who is bound thereby.

5. The statute of 32 Henry VIII, C. 34, which extended privity of

contract from reversioner to reversioner, and gave the right to sue in covenant in actions by or against assignees, is not in force in Ohio. Its place, however, is supplied by the code action by the real party in interest, which, for the purpose of enforcing an equitable liability against an assignee, consequent on notice, may be regarded as an equitable proceeding, and may be employed to recover installments of rent due on a lease.

6. A conveyance of his interest in a perpetual lease by a lessee by warranty deed, subject to all terms, stipulations, covenants and agreements thereof, "all of which grantee assumes," with acceptance of same by the grantee and taking possession thereunder, amounts in equity to a contract by the grantee to perform all the covenants of the lessee. Such grantee is not discharged from liability under such an equitable contract by mere assignment of his interest.

7. The grantee in a conveyance by warranty deed of a lessee's interest in a perpetual lease, who has accepted the same and taken possession thereunder, stands in equity as a surety to his assignee, and the lessor or his successor in interest may proceed against either such grantee or his assignee for breach of covenant to pay rent.

Reserved from special term.

HOSEA, J.; FERRIS and HOFFHEIMER, JJ., concur.

This is an action of assumpsit to recover installments of rent, brought against an assignee (by mesne assignments) of the original lessee, of a lease of lands for ninety-nine years, renewable forever.

The material facts are as follows:

### (A)  TITLE OF LESSEE.

(1)  In July, 1850, Catherine McFarland, owner in fee of the lands in question, deeded to John F. McFarland and his heirs forever, upon the following trust:

"In trust nevertheless to permit and suffer her son, the said Isaac McFarland, only for his sole use and personal benefit, to draw, receive, and collect the rents, issues and profits arising therefrom, he paying the taxes and repairs,

during his natural life, and to and for no other purpose whatever; and for such other uses and purposes after his death, as he by deed or last will and testament duly executed shall or may direct and declare forever; and in default thereof, for the use and benefit of his heirs at law and their heirs forever; and in trust not to permit or suffer the said premises to be diverted from the uses and purposes intended, under any circumstances whatever."

(2) In October, 1876, John McFarland, trustee, together with Isaac McFarland, *cestui,* and his wife, Josephine, executed to Arthur W. Ross, his heirs, executors, administrators and assigns, for ninety-nine years renewable forever an indenture of lease, of the same lands, upon covenants for an annual rental of $1,500 until 1878, and thereafter of $1,800, payable in monthly installments of $150, lessee paying all taxes and assessments and to keep buildings insured for $2,000, with covenants for forfeiture and re-entry upon ten days' default in rental or other covenants. (Recorded in lease book 57, page 68, Ham. Co. Rec.)

(3) Arthur Ross dying, a decree of the probate court, *in re* estate of same, was entere, directing the conveyance, by his administrator, of all real estate shown in the inventory of partnership assets, to the surviving partners; and thereupon, John A. Porter, administrator, on January 25, 1883, conveyed to Addison Lysle and George Lysle, surviving partners, their heirs and assigns, by quitclaim deed, the property in question, said deed containing the following:

"All of said property herein described is now conveyed, subject to the terms, agreements, conditions and stipulations in said leases as above contained, to which reference is hereby made;" together with a specific reference to the lease and the record of the same.

(4) On April 1, 1885, Addison and George Lysle entered into an agreement with the Winifrede Coal Company, the defendant here, to sell and convey several leasehold estates, including that in question, subject to all rentals and taxes to accrue thereafter—deeds to be "warranty deeds free from incumbrance except rents and taxes to accrue,"

as set forth; vendors to procure assent of lessors where leases require.

On the same day the Lysles, with their wives, executed a general warranty deed of the leasehold estate in question, concluding the description as follows:

"The property described above is held by the grantors under and by virtue of a certain lease made by John Mc-Farland, trustee, and others, to Arthur W. Ross, of date October 19, 1876, for the term of ninety-nine years, renewable forever; said lease recorded in book 57, page 68, of the real estate records of Hamilton county, Ohio, and this conveyance is made subject to all the terms, stipulations, covenants and agreements of said lease, as therein contained, all of which the grantee assumes."

(5) On June 16, 1902, the Winifrede Coal Company, by quitclaim deed, conveyed the property in question to John T. Nielsen, no reference being made to any covenants. It is admitted that Nielsen is an employe of defendant and that no consideration was paid therefor. No rent has been paid by Nielsen and plaintiff has refused to recognize him as tenant.

(B)   TITLE OF LESSOR.

(1)   Same as No. 1, *ante*.

(2)   In 1878, Isaac McFarland, "for the purpose of vesting the reversion in my" (his) "wife, to take effect upon my" (his) "death," quitclaimed to Henry M. Cist, who immediately quitclaimed to Josephine, wife of Isaac McFarland, both these deeds referring to the trust deed to John McFarland and reciting that they are intended to be in effect one instrument, "being executed in pursuance of the provision in said (trust) deed authorizing Isaac McFarland by his deed to direct and declare how the property may descend after his death—the purport of which being to convey in fee simple, said conveyance to take effect on the death of Isaac McFarland."

(3)  In 1882, Isaac McFarland died, leaving all his property by will to his wife, Josephine; a daughter Catherine—afterward Mrs. B. M. Cox—survived.

(4)  In 1893, Josephine Bates, the present plaintiff, conveyed to her daughter, Mrs. B. M. Cox, in fee, reserving a life estate to herself.

---

The defenses presented are under three subjects of attack, namely: the status of the lease, the plaintiff's title and the obligations of the defendant as assignee.

It is claimed that in executing the lease, in 1876, Isaac McFarland had no estate in the land, and his wife, Josephine, no dower; and that, consequently, their signatures to the lease conveyed nothing. Further, that the estate of the trustee, John McFarland, being measured by the life of the trust, his power to lease was limited to the life of Isaac, unless the latter had executed his power of appointment and created further uses, which is denied; and that, in consequence, the lease expired with the life of Isaac. In the same connection it was urged that the trust was, in its essential nature, a "spendthrift trust;" and that the conveyances by Isaac to his wife, Josephine, were ineffectual for any purpose, because Isaac had power only to "appoint" and not to convey.

But this argument proceeds upon an assumption that the rights of Isaac McFarland were those derivable under a "spendthrift trust." On the contrary, since the net income of the land was to the *cestui* at all events, with power to collect, and without any discretionary control in the trustee, the right conveyed to Isaac was an equitable estate—the trustee holding the bare legal title. *Thornton* v. *Stanley*, 55 Ohio St., 199 (45 N. E. Rep., 318).

It was, moreover, under the rule in Shelley's case,—which is still in force in Ohio, except as to devises by will,—an equitable freehold estate for life with remainder to his heirs, and therefore an equitable fee, subject to the power of appointment, which is practically merged in the power of

alienation. *Brockschmidt* v. *Archer,* 64 Ohio St., 502 (60 N. E. Rep., 623).

The rule applies to all estates of freehold, whether legal or equitable. See Preston's statement (page 271) of the rule, adopted and approved by Chancellor Kent, 4 Kent's Commentaries, 22.

The title of the lessee under the lease made by John McFarland, Isaac McFarland and Josephine, the wife of Isaac, in 1876, was therefore complete by the merger at its inception of the legal and equitable titles and release of dower, vesting the perpetual use in the lessee.

The conveyance by Isaac to his wife through Cist, in 1878, if not a technically proper execution of the power of appointment, was nevertheless equivalent, in that it was a conveyance, *in futuro,* of the equitable fee; which title was confirmed by Isaac McFarland's will at his death in 1882; and this may be considered in equity as an execution of the power. *Barr* v. *Hatch,* 3 Ohio, 527, 529.

But this happened long prior to the defendant's succession to the lessee's title and possession under the lease, which occurred in 1885. By thus entering upon the estate and paying rent to plaintiff from 1885 to 1902, the defendant attorned to plaintiff as the reversioner, and is estopped to deny her title. Washburn, Real Prop., par. 745; *Moore* v. *Beasley,* 3 Ohio, 294; *Smith* v. *Harrison,* 42 Ohio St., 180; *Maxwell* v. *Griftner,* 5 Circ. Dec., 323 (11 R., 210).

The further claim that the subsequent conveyance by plaintiff to her daughter subject to the lease, with reservation of a life estate, was an eviction, is untenable. There was no disturbance of possession, or title of the lessee. The case of *Mathews* v. *Gas Co.,* 179 Pa. St., 165 (36 Atl. Rep., 216), was where a lessee had been in default for rent for years; and the conveyance, to take effect *in praesenti,* was construed as an assertion of lessor's right to forfeit.

In the present case, the conveyance was made subject to the lease which was duly of record and notice to all concerned; and the fact of occupancy and title of the tenant, being known to grantee who was bound thereby, it is not

a breach of the covenant for quiet enjoyment by the tenant. *Lindley* v. *Dakin,* 13 Ind., 388.

It is claimed, further, that, as assignee of the lessee, the defendant was bound for the rent only during occupancy, and that, having a right to assign, its liability ceased when it assigned to Nielsen in 1902.

The general proposition, that the liability of a mere assignee rests upon privity of estate, and not on contract, and that privity of estate as a covenant-real binds the assignee of the term only during his ownership and possession, is conceded. Washburn, Real Prop., par. 682.

It is also true, as argued at the bar, that the statute of 32 Henry VIII, C. 34, which extended privity of contract from reversioner to reversioner, and gave the right to sue in covenant in actions by or against assignees, is not in force in Ohio.

But, nevertheless, its place is supplied by the provision of the code authorizing suit by the real party in interest. *Masury* v. *Southworth,* 9 Ohio St., 340; *Smith* v. *Harrison,* 42 Ohio St., 180; *Hall* v. *Plaine,* 14 Ohio St., 417, 422.

The difficulties arising out of the rigidity of rules and forms of actions at law, *per se,* were the occasion for the adoption of our code of civil procedure; and the civil action of the code is designed for the application of both legal and equitable principles and relief. *Platt* v. *Colvin,* 50 Ohio St., 703 (36 N. E. Rep., 735). Consequently, while in a common law action such a covenant could not be enforced against an assignee, the code action, for the purpose of enforcing the liability consequent upon notice, in equity, may be regarded as an equitable proceeding. Moreover, assumpsit is an action of an equitable character (4 Cyc. 320; *Van Doren* v. *Robinson,* 16 N. J. Eq., 256; *Brewing Co.* v. *Holmes,* 69 L. J. Ch., 149). And can be employed to recover instalments as they become due upon a contract to pay a sum by instalments. *Hamlin* v. *Race,* 78 Ill., 422, 442; *Tucker* v. *Randall,* 2 Mass., 283; *Fontaine* v. *Aresta,* 2 McLean, 127 (9 Fed. Cas., 355).

In *Sutliff* v. *Atwood,* 15 Ohio St., 186, there is also con-

tained an important exception to the general doctrine limiting the liability of assignees of lessees.

The court says, page 196:

"The legal duty of an assignee, arising from an assignment executed *without covenants on his part to perform the covenants of the lessee,* is limited to the time of the continuance of his interest   *   *   *   he is not chargeable for a breach of covenant happening after his assignment, for the privity of estate is wanting.   *   *   *   He is liable only in respect of his possession.   *   *   *   His liability will not continue though the assignment be made for the express purpose of getting rid of his responsibility."

The court proceeds to say, further, that, in view of this very contingency, a court of equity, if called on to enforce specific performance of an agreement of sale of the lease, would imply an agreement of indemnity in favor of the seller, *"as though the purchaser had agreed to assume all the lessee's burdens"* in taking over the lease, and would insert such covenant in the deed of transer.   (This case has been cited with approval in many subsequent cases.)   In the present case, the parties themselves applied the equity rule in a little different way, namely: the Lysles executed a warranty deed of transfer with a covenant reading as follows:

"This conveyance is made subject to all the terms, stipulations, covenants, and agreements of said lease, as therein contained, *all of which the grantee assumes."*   And this was assented to and confirmed by acceptance of the deed, and entering into possession of the property and complying with the covenants of the original lease, thus assumed, for seven yeears.   The signature to the deed containing this covenant, by the grantee, was not necessary.   Acceptance and taking possession under it were sufficient to bind.

It was, in fact, a new contract, made and intended for the benefit of the successor in title of the reversioner, to whom the defendant attorned as landlord; and the consideration

was the warranty of title by the Lysles, which amounted to an independent covenant of seizin and enjoyment.

Thus the defendant "stepped into the lessee's shoes and assumed his obligations." *Woodland Oil Co.* v. *Crawford,* 55 Ohio St., 161, 179 (44 N. E. Rep., 1093; 34 L. R. A., 62) ; *Wetzell* v. *Richcreek,* 53 Ohio St., 62, 70 (40 N. E. Rep., 1004) ; *Poe* v. *Dixon,* 60 Ohio St., 124, 134 (54 N. E. Rep., 86; 71 Am. St. Rep., 713).

The principle upon which contracts made by two parties for the benefit of a third, are upheld in favor of said third party, is established in the United States by an overwhelming array of authorities. 9 Cyc., 377, and cases cited.

These cases also uphold the right of the party benefited to sue in his own name; and this is especially true in the code states which require suit to be brought in the name of the real party in interest. 9 Cyc. 377.

This is also settled law in Ohio—a few out of many cases being as follows: *Poe* v. *Dixon,* 60 Ohio St., 124 (54 N. E. Rep., 86; 71 Am. St. Rep., 713) ; *Society of Friends* v. *Haines,* 47 Ohio St., 423 (25 N. E. Rep., 119) ; *Emmitt* v. *Brophy,* 42 Ohio St., 82; *Brewer* v. *Maurer,* 38 Ohio St., 543 (43 Am. Rep., 436) ; *Burdick* v. *Cheadle,* 26 Ohio St., 393 (20 Am. Rep., 767) ; *Thompson* v. *Thompson,* 4 Ohio St., 333.

"It was competent for the parties to introduce into the assignment any covenant or stipulation pertinent to the subject which they may have agreed upon." *Wetzell* v. *Richcreek, supra.*

The covenant, here, bound the defendant to perform the obligations of the lessee, among which was the obligation to pay rent during the entire term. *Taylor* v. *DeBus,* 31 Ohio St., 468, 472.

The assignment by defendant, in view of these covenants, would not discharge it in respect of its liability. The defendant here occupies the relation of lessee to his assignee, and is thereby a surety. The lessor has his remedy against either. Washburn, Real Prop., par. 683; *McHenry* v. *Carson,* 41 Ohio St., 212, 221 ; *Poe* v. *Dixon, supra.*

It is therefore unnecessary to consider the character of

the assignment to Nielsen, under the circumstances of this case.

In accordance with the views above expressed, we must sustain the plaintiff's contention, and give judgment accordingly.

Judgment for plaintiff with costs.

*C. Hammond Avery*, for plaintiff.
*Maxwell & Ramsey*, for defendant.