## ALL–AMERICAN OIL & GAS CO. v. CONNELLEE.

(Circuit Court of Appeals, Fifth Circuit. December 16, 1924. Rehearing Denied January 31, 1925.)

No. 4281.

1. **Damages** ⊝120(3)—**Measure of damages for breach of contract to drill oil well held its reasonable cost.**

For breach of a contract by defendant, as lessee, to drill an oil well on the tract, plaintiff *held* entitled to recover the reasonable cost of drilling such a well as the contract called for.

2. **Damages** ⊝78(1)—**Provision of contract held for a penalty, and not liquidated damages.**

A provision of a contract that, if defendant failed to drill an oil well as required by its terms, the contract should be "null and void and of no effect," was for the benefit of the other party, and did not evidence an intention to make a forfeiture by defendant of its rights under the contract the sole consequence of its breach, and to exempt it from liability for damages sustained by the other party.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action at law by C. U. Connellee against the All-American Oil & Gas Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Mike E. Smith, of Fort Worth, Tex. (Slay, Simon & Smith, of Fort Worth, Tex., on the brief), for plaintiff in error.

John Sayles, of Eastland, Tex., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error (herein called plaintiff) to recover damages for the breach of a written contract between him and the plaintiff in error (herein called defendant). By the contract sued on plaintiff assigned to defendant an oil and gas lease on a described 45-acre tract of land, subject to oil and gas royalties reserved to the lessor landowner and to plaintiff. That contract contained the following provisions:

"It is further understood and agreed that, in consideration of this transfer of the first party's interest in said lease, the second party shall within 50 days from the date hereof erect a derrick, and shall within 100 days from the date hereof begin the drilling of a well for oil and gas on the 45 acres of land above described, and continue said drilling with reasonable diligence and dis-patch until the said well is completed to the producing sand of this district, unless oil and gas are found in paying quantities at a lesser depth. * * * Time is the essence of this contract, and the same shall be null and void and of no effect unless said party of the second part shall begin the drilling of the well as provided however, on or before 100 days of the date hereof."

After the execution of the contract the time for beginning the drilling of a well was, for a valuable consideration received by plaintiff, extended 30 days. The petition alleged that defendant erected a derrick on the leased land, but wholly failed to drill a well thereon. Pursuant to a written stipulation of the parties the case was tried by the court without a jury. The court made the following findings:

"(1) The court finds that parties entered into the contract declared on in plaintiff's petition as alleged therein.

"(2) The court finds that defendant breached the contract, as alleged in plaintiff's petition, and that plaintiff is entitled to recover damages herein for the amount of the reasonable value of cost of drilling a well on the land described in plaintiff's petition, less the reasonable cost or value of the salvage or material that could be saved therefrom, and less the reasonable value of the derrick erected on the 45 acres leased by the defendant, and that the amount which plaintiff is entitled to recover, after making due allowance for the items last above mentioned, is the sum of $19,500. * * *

"(3) The court finds the evidence disclosed no material difference in the value of the 45-acre lease at the time the contract was made, and at the time of the breach thereof by the defendant, the time of said breach being at the end of the 130 days from the date of said contract, which includes the 100-day period of the original contract and the 30 days' extension granted by the plaintiff."

The rulings of the court that plaintiff was entitled to recover, and as to the measure of damages recoverable, are duly presented for review.

[1] In behalf of the defendant it was contended that the plaintiff, on the facts found, was not entitled to recover as damages an amount ascertained in the manner adopted by the court. By the contract the plaintiff acquired the right to have a well drilled by defendant on the leased land as stipulated. A result of defendant's failure to do what it contracted to do was to make it liable to the plaintiff for the amount of the reasonable cost of having that done

which the defendant obligated itself to do. The plaintiff's right to recover the amount of the reasonable cost of that to which the contract entitled him was not dependent on his proving that the value of the lease, or of plaintiff's interest therein, would have been enhanced if defendant had drilled a well pursuant to the contract. Lawton v. Fitchburg Railroad Co., 8 Cush. (Mass.) 230, 54 Am. Dec. 753; Lee v. Harris, 85 Conn. 212, 82 A. 186; Ardizonne v. Archer, 72 Okl. 70, 178 P. 263; Covington Oil Co. v. Jones (Tex. Civ. App.) 244 S. W. 287. The defendant has no tenable ground of complaint because of the method adopted by the court in fixing the amount of its award.

[2] Evidently the provision that the contract "shall be null and void and of no effect unless" defendant shall begin the drilling of the well within the stipulated time was not intended to be one for liquidated damages. The language used fairly imports a penalty for a specified breach of the contract by the defendant. Brown-Crummer Co. v. W. M. Rice Const. Co. (C. C. A.) 285 F. 673. The provision was for the protection and benefit of the plaintiff. Leatherman v. Oliver, 151 Pa. 646, 25 A. 309; Wills v. Manufacturers', etc., Gas Co., 130 Pa. 222, 18 A. 721, 5 L. R. A. 603. Certainly the language of the provision does not evidence a purpose to make a forfeiture by the defendant of its rights under the lease the sole consequence of its breach of its obligation, and to exempt it from liability to plaintiff for damages sustained by the latter in consequence of a well not being drilled as stipulated in the contract. That provision did not give the defendant the option to put an end to the obligation of the contract by breaching it, and, by doing so, to deprive the plaintiff of the right to recover damages for failing to get that to which the contract entitled him.

The conclusion is that there was no error in the rulings complained of. The judgment is affirmed.