VIOLETTE *v.* GAERTNER.

MINES AND MINERALS—REPUDIATING LEASE—POSTPONEMENT OF DEFAULT.

Where lessor attempted to repudiate oil and gas lease, and litigation resulted, assignee of lease was justified in not drilling under lease during first six months of its existence; pending litigation having effect of postponing provisions in regard to default and commencement of drilling operations.

Appeal from Monroe; Root (Jesse H.), J. Submitted October 12, 1932. (Docket No. 81, Calendar No. 36,770.) Decided December 6, 1932.

Bill by Alfred Violette against Hugo C. Gaertner and others to establish the validity of an oil and gas lease. Cross-bill by defendants against plaintiff to establish the validity of another oil and gas

lease on same premises. Decree for plaintiff. Defendants appeal. Affirmed.

*Drysdale & Kremlick,* for plaintiff.

*James J. Kelley,* for defendants.

Butzel, J. On March 25, 1931, Monroe Oil & Gas Company, assignor of Alfred Violette, plaintiff, acquired an oil and gas lease on property in Monroe county from Hugo C. Gaertner and Louise Gaertner, its owners. Plaintiff's assignor, as lessee, agreed to begin the drilling of a well on the premises within six months from the date of the lease unless prevented by unavoidable accident and delays, or to pay to the Gaertners an annual rental of $2 per acre until the drilling operations began. On June 1, 1926, the premises had been previously leased to Henry R. Montry, assignor of the Deerfield Oil Producing Company, a Michigan corporation, codefendant, but the Gaertners believed that the latter lease had terminated prior to the execution of the Monroe Oil & Gas Company's lease. Shortly after March 25, 1931, the Gaertners sought to repudiate the Monroe Oil & Gas Company's lease, claiming that it had been obtained through fraud, and they further attempted to reinstate the former lease of defendant Deerfield Oil Producing Company by a written declaration signed by defendant Hugo C. Gaertner on April 28, 1931, and duly witnessed and acknowledged. On April 30, 1931, the Monroe Oil & Gas Company, plaintiff's assignor, filed a bill against the Gaertners who are also defendants in the instant cause, and asked that they be enjoined from interfering with plaintiff's possession, and that the lease of the Deerfield Oil Producing Company be decreed

to be null and void as against any of the rights of
the plaintiff. Defendants, in their answer to this
first suit, attached as an exhibit the declaration by
defendant Hugo C. Gaertner reconfirming all the
rights of the Deerfield Oil Producing Company in
the former lease, and asked that it be determined to
be the only valid lease on the premises. The case
came on for hearing, and in a decree rendered Octo-
ber 31, 1931, the circuit judge denied defendants'
claims and decreed that plaintiff was solely entitled
to the oil and gas rights under the lease of March 25,
1931. There was no appeal from this decree, and
it became *res judicata*. Shortly after its entry, de-
fendants Gaertner gave the Deerfield Oil Producing
Company still another lease on the theory that,
inasmuch as more than six months had elapsed since
the giving of the original lease to plaintiff's as-
signors, the latter lease had become void because
neither the drilling of the oil well had been begun
nor the rent paid. Plaintiff, thereupon, began the
instant suit to have his rights again determined.
He showed that he attempted to go on the land and
otherwise comply with the terms of the lease, within
the six months following the date of the lease, and
that he had also offered to pay the rent, but that his
offers had been refused by Gaertner, who stated that
he would await the outcome of the pending suit;
that about three days after the decree was rendered
in the first suit, he tendered the rental under the
lease but it was refused. He asked that he be de-
clared to be the lessee of the oil and gas rights of the
premises.

The circuit judge held that the case was ruled
largely by the decree in the previous case. He found
that plaintiff, as assignee, was justified in not drill-

ing under the lease during the first six months of its existence because of the litigation then pending, and also on account of the attempted repudiation of the lease and reinstatement of the former one of defendant Deerfield Oil Producing Company. He further found that within a very few days after the entry of the first decree on October 31, 1931, plaintiff did endeavor to pay the rental of $2 per acre, but the tender was refused; that previous to the expiration of the six months' period defendants Gaertner had notified the bank, to whom the $2 per acre was to be paid under the original lease, not to accept any payments; that the conduct of the Gaertners constituted a waiver of the provisions of the lease requiring drilling operations or payment of the rental within the designated period. Plaintiff's alleged default was caused by the action of the defendants, who could not gain any advantage thereby. Their conduct cannot be misinterpreted; it unequivocally amounted to an attempt to repudiate the lease with plaintiff's assignor. The instrument executed by Hugo C. Gaertner on April 28, 1931, reinstating the former lease with the Deerfield Oil Producing Company is conclusive to that effect. Under the circumstances, it cannot be argued that plaintiff was in duty bound to force his way upon the property and commence operations, nor was he bound to make a heavy investment on the property during the time while defendants treated him as a trespasser. See *Mathews* v. *People's Natural Gas Co.,* 179 Pa. 165 (36 Atl. 216); *Consumers' Gas Trust Co.* v. *Worth,* 163 Ind. 141 (71 N. E. 489). It has been frequently held in similar cases that the provisions in regard to default and the commencement of drilling operations are postponed until the

outcome of litigation instituted by lessor to cancel or declare leases forfeited. *Transcontinental Oil Co.* v. *Thomas* (C. C. A.), 29 Fed. (2d) 733; *Lieber* v. *Ouachita Natural Gas & Oil Co.*, 153 La. 160 (95 South. 538); *Leonard* v. *Busch-Everett Co.*, 139 La. 1099 (72 South. 749); *Johnson* v. *Montgomery* (Tex. Civ. App.), 31 S. W. (2d) 160. By the same reasoning, a similar result must follow when lessee is forced to begin litigation to enforce his rights under a lease, the repudiation of which is attempted by the lessor. Defendants insisted that neither plaintiff nor his assignor made any effort whatever to begin drilling operations during the first six months of the lease and made no tender or payment during such period, but the trial judge found to the contrary. He came to his conclusions after seeing the witnesses and considering the written declaration of Hugo C. Gaertner reinstating the Deerfield Oil Producing Company's lease, made only 34 days after the date of the lease to plaintiff's assignor.

The decree of the lower court is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.