## DAVENPORT v. DOYLE PETROLEUM CORPORATION.

No. 28884. Feb. 20, 1940.

Rehearing Denied March 12, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 2, 1940.

*100 P. 2d 445.*

Bailey & Hammerly, of Chickasha, for plaintiff in error.

Melton, McElroy & Vaughn, of Chickasha, for defendant in error.

RILEY, J. May 18, 1937, C. J. Davenport, herein referred to as plaintiff, owner of 160 acres of land, executed an oil and gas lease on 120 acres thereof to Doyle Petroleum Corporation, herein referred to as defendant.

The lease was the ordinary printed Form 88 (Producers, Oklahoma) reciting one dollar and other good and valuable considerations for a five-year term and as long thereafter as oil or gas was produced in paying quantities. If no well was commenced on or before May 18, 1938, the lease was to terminate unless lessee paid lessor the sum of $120 as rental for privilege of deferring commencement of actual drilling for another 12 months. In like manner commencement of a well could be deferred for successive 12-month periods during the primary term. The lease also provided for payment to plaintiff of 1/8 of all oil produced and 1/8 of all gas used off the

premises. There was added the following typewritten clause:

"Notwithstanding the preceding printed part of this lease, lessee agrees within 60 days from date to begin the actual drilling of a test well for oil or gas on or offsetting the above land, and prosecute such drilling with due diligence to a depth of 3,000 feet unless oil or gas in paying quantities is found at a lesser depth. For failure to commence, prosecute and/or complete said test well, this lease at option of lessor, shall terminate."

Plaintiff alleged execution of the lease, and that at the time of execution thereof there was no production of oil and gas within several miles; that he reserved and had not leased 40 acres and still retained the royalty interest under the entire 160 acres; that the principal inducement for execution of the lease was defendant's covenant to drill a test well on or offsetting said land as provided in the above-quoted typewritten paragraph; that lessee had the option to drill the test well either on plaintiff's land or offsetting it, in either event testing plaintiff's land, and if oil or gas was found in paying quantities, defendant would have been compelled to drill at once on plaintiff's land; that defendant erected a derrick offsetting plaintiff's land; and that at defendant's request, time for commencement of drilling was twice extended, but lessee has failed to actually commence drilling.

Defendant rightly contends it had the option, under the printed portion of this lease, to drill or pay rentals, and unless it did so the lease would terminate. Not so, under the typewritten paragraph, because it was therein expressly provided, "* * * this lease, *at the option of lessor*, shall terminate." This shift of the option to terminate the lease from the lessee to the lessor assumes added significance when we consider the paragraph begins *"Notwithstanding"* (meaning, without prevention or obstruction from or by, in spite of, despite) "* * * the preceding printed part of this lease. * * *"

Can it be said by any reasonable construction, lessee was not thereby obligated to drill a test well? And, further, can it be said lessee had any option other than to drill the specified test well either on the 120 acres covered by the lease or on land offsetting said 120 acres? "Notwithstanding" the option given defendant in the printed "unless" portion of the lease, the agreement contained in the typewritten paragraph positively obligated defendant to commence actual drilling within 60 days either upon or offsetting plaintiff's land. This, plaintiff alleges, was the principal inducement for execution of the lease, and on demurrer must be considered true.

The question is, whether the provision authorizing plaintiff to terminate the lease, at his option, for failure to commence drilling limits his right to termination alone and precludes him from seeking damages for lessee's breach of his express covenant to drill.

In Lavery v. Mid-Continent Oil Development Co., 62 Okla. 206, 162 P. 737, plaintiffs, owners of an oil and gas mining lease, agreed to assign an undivided one-half interest therein to defendant in consideration of the drilling of a test well on the premises. Defendant agreed to begin moving in a rig within three days and drill the well with diligence to a designated sand. The contract made provision for joint payment of certain expenses if oil and gas were found in paying quantities. The contract, which contained no surrender clause, provided:

"The failure to begin operations as above set forth on the above-described premises, within the time provided in this contract, and to continue the same with due diligence to completion, shall work a forfeiture of the assignment of the interest in said leasehold premises herein agreed upon, and shall cause the same to be null and void and of no further force or effect whatsoever."

The contract was placed in escrow for delivery upon performance by defendant, who erected a derrick on the prem-

42

ises, but refused to drill the well when a test on an adjoining tract became a dry hole.

Defendant contended that, anticipating a breach of the contract, the parties by the forfeiture clause stipulated in lieu of damages that the failure on the part of defendant to comply with its obligations to complete the well should result merely in relieving plaintiffs of their undertaking to execute and deliver an assignment of a one-half interest of the lease.

In the opinion we distinguish the contract from the "unless" type of lease whereby the option to "drill, pay rental or surrender" is with the lessee. We then said:

"The manifest purpose of the parties was exploration and development of the leased premises. Defendant defeated this purpose by refusing to discharge its obligation, and now sets up its own default, under the forfeiture clause, as relieving it from the alleged consequent damages. In our opinion this it may not do."

We then held the "* * * forfeiture provision was for the benefit of the owner of the leasehold interest, and gave to him alone the option to declare a forfeiture upon failure of the company to discharge its obligation to drill, and the company could not by virtue of such forfeiture clause, without the consent of such owner, terminate the contract by its own default, and thus escape liability for resultant damages." See, also, the many citations therein considered.

In All-American Oil & Gas Co. v. Connellee, 3 F. 2d 107, plaintiff assigned an oil and gas lease on a 45-acre tract, reserving the royalty interest to the landowner and plaintiff. The contract contained the following provision:

"It is further understood and agreed that, in consideration of this transfer of the first party's interest in said lease, the second party shall within 50 days from the date hereof erect a derrick, and shall within 100 days from the date hereof begin the drilling of a well for oil and gas on the 45 acres of land above described, and continue said drilling with reasonable diligence and dispatch until the said well is completed to the producing sand of this district, unless oil and gas are found in paying quantities at a lesser depth. * * * Time is the essence of this contract, and the same shall be null and void and of no effect unless said party of the second part shall begin the drilling of the well as provided, however, on or before 100 days of the date hereof."

There, as here, a derrick was erected and an extension of time to commence drilling granted, but defendant failed to drill and plaintiff sued for damages for breach of the contract. The Fifth Circuit Court of Appeals held:

"Certainly the language of the provision does not evidence a purpose to make a forfeiture by the defendant of its rights under the lease the sole consequence of its breach of its obligation, and to exempt it from liability to plaintiff for damages sustained by the latter in consequence of a well not being drilled as stipulated in the contract. That provision did not give the defendant the option to put an end to the obligation of the contract by breaching it, and, by doing so, to deprive the plaintiff of the right to recover damages for failing to get that to which the contract entitled him."

Reduced to their essence, the provisions for forfeiture quoted from Lavery v. Mid-Continent Oil Development Co. and All-American Oil & Gas Co. v. Connellee, supra, are the same as the provision for termination of the lease in the instant case. The instant case, unlike the above two, expressly provided that forfeiture was at the option of the plaintiff lessor. Nevertheless, in the two quoted cases the courts held the forfeiture was for the benefit and protection of the lessor alone. See, also, Cohn v. Clark, 48 Okla. 500, 150 P. 467, L.R.A. 1916B, 686. In other words, the parties in the instant case, by contract, expressly granted to the lessor that which the courts granted by judicial interpretation in the Lavery and All-American Cases, supra.

It is elementary that a contract must be construed as a whole and effect given

to each provision therein contained. And if a contract contains a typewritten provision added by the parties, the same must, if possible, be harmonized with the printed portion, but if there is a conflict, the typewritten portion must control. Sections 9465 and 9475, O. S. 1931.

We perceive no conflict between the typewritten paragraph and the printed portion of the Producers 88 Form lease. If defendant had drilled the well offsetting plaintiff's land and discovered oil or gas in paying quantities, then it would have been necessary to immediately drill on plaintiff's land. If the offset had been drilled to 3,000 feet either before or subsequent to expiration of one year and neither oil nor gas was found in paying quantities, defendant had the option to timely pay $120 delay rental or let the lease terminate as therein provided. If defendant had exercised its option to drill on plaintiff's land and diligently continued, but was unable to reach 3,000 feet before the expiration of one year, no delay rental would be necessary to continue the lease. Likewise, if oil or gas had been discovered in paying quantities prior to expiration of one year. But when defendant failed to commence actual drilling as agreed in the lease contract, either upon or offsetting plaintiff's land, its positive covenant was breached, whereupon plaintiff could terminate the lease at his option. But plaintiff, instead of terminating the lease, affirmed it and commenced this action for damages for breach of the covenant to drill. This plaintiff was entitled to do, and the demurrer to his petition should have been overruled.

Judgment reversed.

BAYLESS, C. J., and OSBORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., and CORN, DAVISON, and DANNER, JJ., dissent.