## THOS. PHILLIPS v. T. J. VANDERGRIFT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 27, 1891—Decided January 4, 1892.

(*a*) The lessee in an oil lease covenanted to complete a well in a time certain, or in default thereof to pay the lessor for further delay a certain yearly rental, thereafter: " and a failure to complete such well or pay said rental, shall render this lease null and void, and not to be revived without the consent of both parties hereto : "

1. An action for rental was within the rule of Wills v. N. Gas Co., 130 Pa. 222, and Ray v. N. Gas Co., 138 Pa. 576, that such covenant was for the benefit of the lessor; and the lessee by his own act and default could not relieve himself from a liability already incurred : See Jones v. N. Gas Co., ante, 204; Ogden v. Hatry, 145 Pa. 640

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 76 October Term 1891, Sup. Ct.; court below, No. 4 September Term 1890, C. P. No. 1.

Returnable to the first Monday in July, 1890, Thomas Phillips brought assumpsit against T. J. Vandergrift, filing a statement of claim to recover one year's "rental" due May 23, 1890, under a covenant in an oil and gas lease of the plaintiff's lands to the defendant, dated November 23, 1888. The cove-

Opinion of the Court.

nant referred to provided that the lessee, the defendant, should drill a well within a certain time, or in default thereof pay to the lessor, the plaintiff, for further delay, a yearly rental of five hundred dollars, until such well should be completed; " and a failure to complete such well or pay said rental, shall render this lease null and void, and not to be revived without the consent of both parties hereto."

On October 31, 1890, the defendant filed an affidavit of defence, averring, as relied upon in this court, as follows :

" The deponent admits that no well has been completed on the leased premises, and that the rental sued for in this case has not been paid, but he says and avers that neither he nor any one in his behalf, nor any one claiming under him, ever consented in any manner or form to revive or continue the said lease, and that by the terms of the said lease the same and all the estate thereby created became absolutely null and void as to both parties thereto, upon the failure to complete such well or to pay the rental sued for in this case; and deponent is advised and believes that such failure ipso facto determined the said lease and rendered the same null and void as to both parties thereto by operation of law, and that there was and is no further liability upon the defendant to pay or perform ; and that no action by the plaintiff can be maintained on the said lease or agreement against him, the deponent."

On January 21, 1891, a rule for judgment for want of a sufficient affidavit of defence was made absolute, without opinion filed, and judgment entered for the plaintiff for $520. Thereupon, the defendant took this appeal, assigning the order making said rule absolute and entering judgment for the plaintiff, for error.

*Mr. H. A. Miller*, for the appellant.

*Messrs. Hughey & Bennett*, for the appellee, were not heard.

PER CURIAM :

Judgment affirmed.