## Cochran *v.* Pew et al., Appellants.

*Oil lease—Covenants—Forfeiture.*

Covenants in an oil lease for the lease to be void, or to cease and determine on failure by the lessee to comply with the conditions specified, do not make the lease void, except at the option of the lessor, and the legal effect of such covenants can only be changed by an express stipulation that the lease shall be voidable at option of either party, or of the lessee.

*Test well—Exploration of neighboring territory.*

Where the parties to an oil lease stipulate that the test well shall be sunk upon the land demised, it is no defence, to an action to recover the rent provided in the lease, that the land demised was shown by exploration of neighboring territory to be dry, and that the sinking of a well upon the land would have been a useless expense.

*Evidence—Parol evidence—Written instrument—Mistake—Contemporaneous parol agreement—Affidavit of defence.*

An affidavit of defence in an action upon an oil lease which avers that " there was inserted in the lease a clause in the words following," etc., and that the defendants would not have signed except for the alleged agreement " and the belief on the part of defendants that it was substantially expressed in the writing," is insufficient to prevent judgment.

It is not an averment of a contemporaneous parol agreement which ought to modify the written instrument, but of an agreement put into writing which the defendant construed in a certain way. It does not set up any accident or mutual mistake, but that the parties used language which the defendants thought to mean what the law says it does not mean. This is not the kind of mistake that affords a basis for reformation of the instrument, or for relief from its terms as the parties wrote them.

Argued Nov. 2, 1893. Appeal, No. 286, Oct. T., 1893, by defendants, J. N. Pew and E. O. Emerson, from order of C. P. No. 1, Allegheny Co., June T., 1893, No. 725, making absolute rule for judgment for want of sufficient affidavit of defence, in favor of plaintiff, Cephas Cochran. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence, in assumpsit on oil lease.

From the record it appeared that plaintiffs claimed to recover $200 for rent, under the lease from Feb. 1, 1892, to May 1, 1893.

The material portions of the lease were as follows:

" The party of the second part covenants to commence operations on this land for said purpose within three months from the execution of this lease, or hereafter pay the party of the first part one hundred and sixty dollars per annum until work is commenced; to be paid $40 at the expiration of each three months. And after work is commenced, it is to be prosecuted with due diligence until completion.

"It is understood and agreed that any moneys that may hereafter become due on this contract shall be paid at the residence of Cephas Cochran. The failure of the second party to make any one of the payments when due, or within ten days thereafter, will render this lease null and void, and not binding on either party."

Defendants filed an affidavit of defence, in which they averred: " That soon after the execution of the lease upon which the plaintiff has declared the said defendants assigned and transferred the same and all their estate and interest in the premises thereby granted to The Peoples' Natural Gas Company, a corporation, competent to take, hold and release the same ; that thereafter the said corporation paid to the said plaintiff each and every of the quarter-yearly sums in the said lease stipulated to be paid to him until work should be commenced upon the said premises, which fell due prior to the first day of May, 1892; that after making its last payment and before the tenth day of February, 1892, the said corporation ascertained by the methods practised and approved by men skilled in the business of mining for carbon oil and natural gas, that neither carbon oil nor natural gas existed in the land described in the said lease, and thereupon executed and tendered to the said plaintiff a release of all the rights and privileges granted by the said lease, and offered to surrender the said lease to him, and thereafter neither the said corporation nor the said defendants ever claimed or exercised any right or privilege under the said lease, and did not, nor would make any further payment on account of the same ; that at and before the executing of the said lease, it was agreed by and between the parties thereto, that these defendants should have the right to terminate the same at any time when they should become satisfied that carbon oil or natural gas could not be found in the land there-

in described in such quantity as would justify mining for it, and as well for their protection as for the protection of the said plaintiff, there was inserted in the lease a clause in the words following, to wit : ' The failure of the second party to make any one of the payments when due, or within ten days thereafter, will render this lease null and void, and not binding upon either party.'

" And but for such agreement and the belief upon the part of the defendants that it was substantially expressed in the. writing, they would not have signed the lease.

" And the said defendants are advised by counsel and believe that by reason of their failure and the failure of the said corporation to make the payment which fell due on the first day of May, 1892, ' when due or within ten days thereafter ' the said lease became by its express terms ' null and void and not binding on either party,' and that consequently no cause of action could accrue to either party under the same after the expiration of the said ten days, and especially to the plaintiff for any sum of money, except the forty dollars which fell due May 1, 1892, ten days before the lease became null and void. All of which deponent believes to be true and expects to be able to prove on the trial of this cause."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.    Defendants appealed.

*Error assigned* was above order.

*C. Heydrick, W. S. Miller* with him, for appellants, cited : Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Ogden v. Hatry, 145 Pa. 640; Blair v. Bradford Oil Co., 113 Pa. 83; Hill v. Joy, 149 Pa. 243; Pearce v. Langfit, 101 Pa. 507; McKnight v. Nat. Gas Co., 146 Pa. 185; Brown v. Vandergrift, 80 Pa. 142; Allison's Ap., 77 Pa. 221; Foster v. McGraw, 64 Pa. 464; Palmer v. Farrell, 129 Pa. 162; Caley v. R. R., 80 Pa. 363; Miller v. R. R., 87 Pa. 95; Juniata B. & L. Asso. v. Hetzel, 103 Pa. 507; Walker v. France, 17 W. N. 313; Greenawalt v. Kohne, 85 Pa. 369; Barclay v. Wainwright, 86 Pa. 191; Cullman v. Lindsay, 114 Pa. 166.

*Walter M. Lindsay, John S. Robb, Jr.*, with him, for appellee, cited: Galey Bros. v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Smiley v. Gas Co., 138 Pa. 592; Agerter v. Vandergift, 138 Pa. 576; Mertz v. Vandergrift, 138 Pa. 594; Springer v. Gas Co., 145 Pa. 430; Ogden v. Hatry, 145 Pa. 640; Phillips v. Vandergrift, 146 Pa. 357; Jones v. Gas Co., 146 Pa. 204; Leatherman v. Oliver, 151 Pa. 646.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1893:

The argument of the appellant, able and ingenious as it is, nevertheless is but another effort to escape from the rule laid down in the series of cases from Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 138 Pa. 576; Ogden v. Hatry, 145 Pa. 640; Jones v. Gas Co., 146 Pa. 204; Phillips v. Vandergrift, 146 Pa. 357, and Leatherman v. Oliver, 151 Pa. 646, down to Liggett v. Shira, at the present term, [reported below, page 350,] that covenants for the lease to be void, or to cease and determine etc. on failure by the lessee to comply with the conditions specified, do not make the lease void except at the option of the lessor, and that that legal effect, no matter what form or cumulation of phrases be used, can only be changed by an express stipulation that the lease shall be voidable at the option of either party or of the lessee.

The averment in the affidavit of defence that it had been " ascertained by methods practised and approved by men skilled in the business, that neither carbon oil nor gas existed in the land leased," and the view, based thereon, urged with so much force by the distinguished counsel, that it must now be accepted as a demonstration of science that putting down a well on land shown by exploration of neighboring territory to be dry, is a useless expense and damage, and that parties in contracting on the subject must be considered to have had this fact in mind, would be a strong argument to the jury, if the case was one for them, that the plaintiff had suffered no actual damages by the defendant's default. But the conclusive answer in the present case is that the parties have clearly stipulated for the mode in which the trial shall be made, and it is to be by a well on this land. There is no room for science, any more than there is for a jury, to say that it will be

of no use to do it, the parties have explicitly agreed on the exact thing to be done, and the exact amount to be paid for failure to do it. The scientific nature of mining in the present day, and the certainty of scientific conclusions from exploration of neighboring territory, may be fully recognized and admitted, but nevertheless, hopeful parties may desire an actual test, and if we are to take notice as counsel suggest, of facts in the history of oil mining we know that some of the most extraordinary and profitable productions have been the result of " wild catting " in unpromising fields. But it is enough for us that the parties have contracted for the thing to be done and the damages for not doing it. Under such circumstances it is never open to the covenantor to say that the thing would be of no value to the covenantee if it were done.

On the terms of this covenant we see no distinction upon which it can be taken out of the rule of the authorities already referred to.

But the affidavit also sets up a cotemporaneous parol agreement that the defendants were to have the right to terminate the lease at any time when they should become satisfied that oil or gas could not be found in paying quantities. Had this been all of the affidavit on this subject it might have resolved itself into a question of proof of the agreement averred, but the affidavit goes further and states that " there was inserted in the lease a clause in the words following," etc., and that the defendants would not have signed except for the alleged agreement " and the belief on the part of defendants that it was substantially expressed in the writing." This is not an averment of a cotemporaneous parol agreement which ought to modify the written instrument, but of an agreement put into writing which the defendants construed in a certain way. It does not set up any accident or mutual mistake, but that the parties used language which the defendants thought to mean what the law says it does not mean. This is not the kind of mistake that affords a basis for reformation of the instrument, or for relief from its terms as the parties wrote them.

Judgment affirmed.

Cf. McMillan v. Phila. Co., above, page 142.