Edmonds *et al. v.* Mounsey.

No. 1,865.

## EDMONDS ET AL. *v.* MOUNSEY.

LANDLORD AND TENANT.—*Natural Gas and Oil Lease.—Liability of Assignee Not in Possession.*—The assignees of a natural gas and oil lease are bound by their acceptance of such lease, to make good the covenants contained in the lease to pay rent, and such obligations are not postponed until actual entry upon the land.

SAME.—*Pleading.—Assumption of Lease.—Statute of Frauds.*—In a suit by a lessor of a natural gas lease, against an assignee of such lease, it is not necessary to plead an assumption thereof by such assignee, nor is such transaction affected by the statute of frauds.

SAME.—*Surrender of Lease.*—A condition in a lease that a surrender thereof by lessee should satisfy all damages between the parties thereto, applies to future rentals and not to rentals already accrued.

SAME.—One tenant in common of a lease cannot, without the consent of his co-tenants, bind their interests by a surrender of such lease.

SAME.—A provision in an oil and gas lease that a failure to complete an oil well on the leased premises, or make payment of a specified rental, shall render the lease null and void, is not effective in behalf of the lessee unless the lessor so elects.

NEW TRIAL.—*Joint Motion.*—A joint motion for new trial by all the defendants, on the ground that the verdict is excessive, is properly denied unless the verdict was wrong as to all of the defendants.

SAME.—*Instructions.*—A motion for a new trial on the ground of error in giving several instructions is properly denied unless all of the instructions were erroneous.

From the Blackford Circuit Court.

*A. N. Martin* and *W. H. Eichhorn,* for appellants.

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellee.

GAVIN, J.—Appellee sued to recover the rentals, payable according to the terms of a gas and oil lease, executed February 1, 1890, by appellee to appellant Edmonds, who, on March 6, 1890, duly sold, trans-

ferred, assigned, and conveyed the same in writing to appellants Slack, Spellacy, Palmer & Twibell, by one of whom a one-sixth interest was, in September, 1890, conveyed to appellant Sinneman.

Appellants demurred and answered by general denial, and specially, setting up a surrender of the lease.

By the terms of the lease, appellee, in consideration of $1.00 and the covenants therein contained, "granted, demised and let" unto said Edmonds, his heirs and assigns, for the purpose and with the exclusive right, of drilling and operating for petroleum and gas, the tract of land therein described, with rights to take water, lay pipes, remove fixtures, etc., for a period of five years, and as much longer as oil or gas should be found or produced in paying quantities. In consideration thereof, the lessee agreed to give and pay certain royalties, and to complete a well on said premises within six months, and in case of failure to so do, to pay to appellee for such delay a yearly rental of $1.00 per acre on the premises leased, from said time for completing the well until such completion, the "said rental amounting to $120.00, to be paid at the Bluffton bank, or direct to appellee," and a failure to complete such well, or make such payment, or deposit, as above mentioned, shall render this lease null and void, and to remain without effect between the parties hereto.

If lessee "is in default in any of the agreements of this contract, it is agreed that second party is to have sixty days, after receiving written notice of such default, to fulfill the requirements of such default, before this lease shall become null and void. The surrender of this lease by second party satisfies all damages between the parties hereto." All conditions were to apply to lessee's assigns.

The complaint seeks to recover the annual rental of

$120.00, during the time no well was sunk, none having been put down at any time, and no payment ever having been made.

No sufficient objection has been presented to the complaint. It is good as against each of the appellants, for some amount, at least, and that enables it to withstand the demurrer. The original lessee is bound by the contract, to make the payments. The assignees are bound by their acceptance of the lease, to make good the covenants to pay rent, therein contained. Their liability is upon the covenants, and arises, not from any express assumption or agreement to pay it, which might be contained in the written assignment, but from the privity of estate by reason of their ownership and right to enjoy the benefits of the lease. Covenants to pay rent and royalties run with the land. *Watson Coal, etc., Co.* v. *Castel*, 73 Ind. 296; *McDowell* v. *Hendrix, Exr.*, 67 Ind. 513; *Gordon* v. *George*, 12 Ind. 408; *Stewart* v. *Long Island, etc., R. W. Co.*, 102 N. Y. 607.

The law is aptly expressed in *Bonetti* v. *Treat*, 91 Cal. 223. "The assignee is answerable for the rent during his ownership of the term under the assignment, and his liability therefor arises out of the privity of estate, and this, without reference to any obligation assumed by him in the contract of assignment."

Counsel suggest that the assignees are not liable, because they never actually took possession of any part of the land, nor commenced operations thereon.

The authorities do not seem to be agreed as to whether, in ordinary leases, the assignee must be in actual possession to fix upon him the obligation to pay rent as provided in the lease. In Taylor's L. & T., section 450, it is said: "An actual entry upon the demised premises, by an assignee, is not requisite in

order to charge him with the performance of covenants running with the land, for by accepting an interest under the conveyance, he incurs the responsibility connected with the estate, to the same extent as if he had taken possession in fact." In this view of the law, he is sustained by a well-considered opinion of Sutherland, J., in *Walton* v. *Cronly's Admr.*, 14 Wend. 63, as also by the following cases: *Walker* v. *Reeves*, 2 Doug. 461, note —; *Williams* v. *Bosanquet*, 1 Brod. & Bing., 238; overruling *Eaton* v. *Jaques*, 2 Doug. 455; *Burton* v. *Barclay*, 7 Bing. 745; *Cook* v. *Harris*, 1 Ld. Raym. 367; *Babcock* v. *Scoville*, 56 Ill. 461; *Board, etc.*, v. *Boatmans' Ins. Co.*, 5 Mo. App. 91; *Smith* v. *Brinker*, 17 Mo. 148; *Willi* v. *Dryden*, 52 Mo. 319; *University of Vermont*, v. *Joslyn*, 21 Vt. 52. Other text-book writers have taken the same view of the law. 1 Wood, L. & T., section 332; 2 Platt on Leases, 422; 1 Woodfall, L. & T. 260.

In *Damainville* v. *Mann*, 32 N. Y. 197, the assignee of an undivided interest in a lease-hold, in possession of the whole, was held liable for the entire rent, to the exclusion of the assignee and owner of a part interest, who was out of possession, the privity of estate which creates the liability being declared to be one based on actual possession and enjoyment. In *Carlin* v. *Hammel*, 18 Barb. 608, it is asserted (although unnecessary) that possession is the foundation and boundary of the liability of the assignee.

In numerous cases, where possession was in fact taken, in considering the liability of the assignee, the courts use language indicating that the possession may be a material factor in creating the liability.

In these, however, the court's attention was not directed to the proposition of whether the liability arose from the actual enjoyment, or the legal right to enjoy the estate.

In *Sanders* v. *Partridge*, 108 Mass, 556, the court limits the liability without actual entry, to cases where the transfer is by deed, duly recorded, but no authority is cited for the limitation. The overwhelming weight of authority, both in England and this country, is against the doctrine that actual entry is essential to the assignee's liability.

Whatever may be the rule as to an ordinary lease, where the subject-matter is susceptible of actual possession and physical enjoyment, as to rights created by leases, such as this, where, until the well is commenced, there can be no further enjoyment than the possession of the right, which may be exercised at will, the authorities bearing directly upon the proposition involved, authorize us to declare that the obligations of the assignees are not postponed until actual entry upon the land.

In *Fennell* v. *Guffey*, 20 Atl. Rep. (Pa.) 1048, with reference to a lease and claims similar to those here involved, it is said: "It is settled law that covenants to pay rent or royalty run with the land, and that the assignee of the lease is liable for the payment of all rents or royalties which accrue while he held the assignment of the lease."

The doctrine of this case has been followed by *Fennell* v. *Guffey*, 25 Atl. Rep. (Pa.) 785; *Springer* v. *Citizens' Nat. Gas. Co.*, 22 Atl. Rep. (Pa.) 986; *Aderhold* v. *Oil Well Supply Co.*, 28 Atl. Rep. (Pa.) 22.

With these views of the law, it was not required that appellee should plead any assumption by appellants, nor does the statute of frauds enter into the case.

The provision avoiding the lease, in case of default by the lessee, inures to the benefit of the lessor, and is not effective in behalf of the lessee, unless the lessor so elects. *Wills' Appeal*, 18 Atl. Rep. 721; *Ray* v. *West-*

*ern Pa., etc., Gas Co.,* 20 Atl. Rep. 1065; *Creveling* v. *West End Iron Co.* (N. J.), 16 Atl. Rep. 184; *Cochran* v. *Pew,* 28 Atl. Rep. 219; 2 Taylor L. & T., section 492.

The court correctly construed the clause by which a surrender should satisfy all damages between the parties, to apply to the future, and not to rentals then accrued. The construction contended for, that all right to past rentals was thereby lost, would practically vitiate other substantial provisions of the lease. As said in *Galey* v. *Kellerman* (Pa. St.), 16 Atl. Rep. 474, "We should need the constraint of insurmountable necessity to induce us to adopt the construction for which counsel contend."

Courts lean to such interpretations and applications of the language used as will give effect to all parts of the contract and produce reasonable results. *Columbian, etc., Co.* v. *Blake,* 13 Ind. App. 680; *McMillan* v. *Philadelphia Co.,* Pa. St. 28 At. Rep. 220.

The amount of the recovery is questioned by all the appellants jointly by motion for new trial. Unless the verdict is wrong as to all, the motion was properly overruled. *Kelley* v. *Kelley,* 8 Ind. App. 606; Elliott App. Proced., section 839.

There is no evidence that the attempted surrender of the lease was authoized by all the appellants, nor that it was the act of more than one—Spellacy. One tenant in common cannot, without the consent of his co-tenants, bind their interests by a surrender. *Williams* v. *Vanderbilt,* 145 Ill. 238.

It is doubtless true, as decided by some of the cases cited by appellant, that a surrender may be inferred from an abandonment of the lease under some circumstances, but there are no facts here to bring the case within the rule thus established, nor is there anything in *Wolf* v. *Guffey* (Pa. St.), 28 Atl. Rep. 1117, to aid appellants.

In the motion for a new trial it is said: "The court erred in giving instructions numbered one, three, four, five, six, seven, eight, nine, ten, and eleven, asked by plaintiff.".

This cause does not test the correctness of each instruction severally, but can only be sustained by showing all to be erroneous.

It is not, and could not, be successfully claimed that all these instructions are bad. There was, consequently, no available error in this regard.

Upon consideration of all the points presented by counsel, no just cause for reversal appears.

Judgment affirmed. 

Filed March 26, 1896.