## CHANEY v. OHIO & INDIANA OIL COMPANY.

[No. 4,535.   Filed January 12, 1904.]

GAS AND OIL LEASE.—*Expiration of Lease.*—*Assignment.*—A gas and
oil lease was made for the term of one year and so long there-
after as gas and oil could be produced in paying quantities.
After the expiration of one year the lessee abandoned the premises
and afterward attempted to assign the lease.   *Held*, in an action
against the assignee to recover rental, that judgment was properly
rendered for defendant, it not being shown that defendant ever
had possession of the leased premises or that gas and oil could be
produced in paying quantities.

From Wells Circuit Court; *S. W. Cantwell*, Special
Judge.

Action by David Chaney against the Ohio & Indiana
Oil Company.   From a judgment for defendant, plaintiff
appeals.   *Affirmed.*

*S. A. M. Butcher*, *Levi Mock*, *John Mock*, *George Mock*
and *C. J. Lutz*, for appellant.

*J. S. Dailey*, *Abram Simmons* and *F. C. Dailey*, for
appellee.

HENLEY, C. J.—This action was to recover rental al-
leged to be due under a certain oil and gas lease.   The
amended complaint is in two paragraphs, which are sub-
stantially alike.   It is averred:   That appellant is the
owner of the fee simple title to certain described real estate
in Jay county, Indiana, and that he leased the same to
one J. A. Graves for oil and gas purposes, and that the
said Graves entered into and took possession of the leased
premises at the date of the execution of the lease, to wit,
the 14th day of April, 1896, and remained in the pos-
session of the same until the 26th day of June, 1897, on

which, last-mentioned day the said Graves sold, assigned, and transferred all his right and interest in said leasehold estate to the appellee; that on said last-mentioned day appellee entered into and took full possession of said leasehold estate, and has ever since been, and now is, the owner thereof, and in the possession of, said leasehold estate; that one of the conditions of said lease was the following: "If there is no well drilled on the southwest corner of the A. J. Bone farm within sixty days, this lease is null and void between both the parties;" that pursuant to this condition the said Graves caused a well to be drilled in the southwest corner of the Bone farm; that it was further provided in said lease that "parties of the second part agree to complete a well in thirty days after the completion of the A. J. Bone well or this lease shall be null and void, unless the second party pay to the first party $2 per day, in advance, until said well is completed, and one well every sixty days until there are eight wells completed, or second parties pay to first parties $1 per day for each undrilled well until such wells are drilled, or forfeit this lease, except the land drilled on at the rate of ten acres to the well;" that the said Graves caused a well to be completed on appellant's land, so leased as aforesaid, within thirty days after the completion of the Bone well; that said Graves and the appellee have wholly failed and refused to drill one well every sixty days thereafter until eight wells were drilled on said land, and the appellee has failed and refused to drill and complete the remaining seven wells as in said lease provided, and the said Graves and the appellee have wholly failed and refused to pay appellant the penalties and rentals stipulated in said lease for such failure to drill. In the light of what we will say hereafter in disposing of this case, it is unnecessary to state further the pleadings or to discuss any questions arising thereon.

The cause was tried by the court without a jury, and

the facts were found specially, and conclusions of law stated thereon. The special finding was as follows: "The court, at the request of the plaintiff, makes the following special findings of facts and states conclusions of law thereon: (1) That on and prior to the 8th day of April, 1896, the plaintiff David Chaney was the owner of and in possession of the south half of the southwest quarter of section nine, township twenty-four north, range fourteen east, in Jay county, Indiana, containing eighty acres, more or less. (2) That on the said 8th day of April, 1896, the said plaintiff David Chaney executed to one J. A. Graves a certain oil and gas lease on and for the said real estate described in finding number one. (3) That said oil and gas lease mentioned in finding number two was in words and figures as follows: [here insert exhibit A.] (4) That prior to the 15th day of June, 1896, the said J. A. Graves fully constructed and completed a well for the production of oil on the real estate belonging to one A. J. Bone, which well was the well mentioned in the lease described in the complaint. (5) That on or about the 15th day of June, 1896, the said J. A. Graves took actual possession of the real estate described in finding number one by virtue of the lease described in finding number three, and before the last day of June, 1896, fully constructed and completed a well on said real estate for the production of oil, which well was completed within thirty days from the completion of the A. J. Bone well mentioned in finding number four. (6) That no other well except the well mentioned in finding number five was ever constructed on said real estate described in said lease by J. A. Graves, or by any assignee of the said J. A. Graves, or by anyone else by virtue of said lease mentioned in finding number three, and no rental or penalty paid to the plaintiff by the defendant or anyone else on account of the failure to drill additional wells. (7) That said well mentioned in finding number five never

produced any gas, and never produced any oil after the 14th day of September, 1896, and no oil was ever produced on the real estate described in said lease after the said 14th day of September, 1896.   (8) That between the 14th day of September, 1896, and the 1st day of December, 1896, the said J. A. Graves took all of his property of every kind whatever out of and from said well and off of the real estate described in said lease, and wholly abandoned said leasehold premises, and never had actual possession of said real estate for any purpose whatever after the 1st day of December, 1896.   (9) That the defendant the Ohio & Indiana Oil Company never at any time had any possession whatever of the real estate described in finding number one, and mentioned in the lease described in finding number three, for the production of oil or gas, or for any other purpose whatever.   (10) That said lease described in finding number three by its own terms expired on the 8th day of April, 1897.   (11) That on the 26th day of June, 1897, the said J. A. Graves attempted to assign by written assignment to the defendant the Ohio & Indiana Oil Company the lease mentioned in finding number three, which pretended written assignment was in words and figures as follows, to wit: 'I, J. A. Graves, of Chicago, Illinois, in consideration of $1 to me in hand paid by the Ohio & Indiana Oil Company, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell, and transfer all my right, title, and interest in the foregoing lease, to the Ohio & Indiana Oil Company.   Witness my hand and seal this 26th day of June, 1897.   J. A. Graves.'

"Conclusion of law:   And as conclusion of law upon the above and foregoing facts the court finds the law to be:   That the plaintiff ought not to recover in this action, and that the defendant should have judgment for costs. S. W. Cantwell, Special Judge."

This lease provides:   "The party of the second part,

his heirs or assigns, to have and to hold the said premises for and during the term of one year from the date hereof, and so long thereafter as oil and gas can be produced in paying quantities."

It has been decided that this clause means that the lease is for a definite term of one year from its date, and that this term, if enlarged, must be the result of the production of gas or oil in paying quantities within the year specified in the lease itself. If such a contingency does not happen, then the lease expires, and is of no avail between the parties at the end of the year. *Western Pa. Gas Co.* v. *George,* 161 Pa. St. 47, 28 Atl. 1004; *Brown* v. *Fowler,* 65 Ohio St. 507; *Cassell* v. *Crothers,* 193 Pa. St. 359, 44 Atl. 446.

In the case of *Brown* v. *Fowler, supra,* the *habendum* clause of the lease was as follows: "To have and to hold the same unto the lessee, his heirs and assigns, for the term of two years from the date hereof, and as long thereafter as oil or gas is found in paying quantities thereon." In construing this lease the court said: "This clause means that the term of the lease is limited to two years, but that if, within the two years, oil or gas shall be found, then the lease shall run as much longer thereafter as oil or gas shall be found in paying quantities; but, if no oil or gas shall be found within the two years, the lease shall, at the end of the two years, terminate, not by forfeiture, but by expiration of term; and after the expiration of said two years no further drilling can be done under the lease."

It was found by the court that the lease here in question was executed on the 8th day of April, 1896, and that the lease, by its own terms, expired on the 8th day of April, 1897. That pursuant to one of the provisions of the lease said Graves drilled and completed a well for the production of oil on the real estate belonging to one A. J. Bone, and that on the 15th day of June, 1896, the said Graves took

actual possession of the real estate described in the lease executed by appellant, and prior to the 1st day of June, 1896, fully completed a well on said premises for the production of oil, and that no other well was ever drilled on said premises by the said Graves, or by any assignee of said Graves; and that no rental or penalty was ever paid by Graves or his assignee to appellant on account of the failure to drill additional wells. The finding further shows that the said Graves, before the end of the term, as provided in the lease, took all of his property of every kind and description off said premises, and wholly abandoned said premises, and never had any possession of the leasehold estate for any purpose whatever after the expiration of one year from the date of the execution of the lease. The finding further shows that the assignment and sale to appellee was made after the expiration of the term of the lease, and that appellee never had any possession of the land described in the lease for any purpose whatever. The appellee, not being a party to the lease, can not be held by privity of contract, and, if liable at all, could only be liable by privity of estate. *Edmonds v. Mounsey*, 15 Ind. App. 399; *Bonetti v. Treat*, 91 Cal. 223, 27 Pac. 612, 14 L. R. A. 151. The appellee could not, therefore, become liable to appellant by privity of estate, because the lessee Graves, at the time of the assignment to appellee, had no lease on the premises, and no interest of any kind whatever therein, and owned nothing under the lease capable of transfer.

Conceding, without deciding, that the complaint states a cause of action, appellant could not recover, for the reason that the special finding of facts shows that he has wholly failed by his evidence to sustain the material averments of his complaint. This being true, the other alleged errors assigned are not material.

Judgment affirmed.