# POLK ET AL. *v.* GIVENS.

### [No. 6,802.   Filed December 8, 1909.]

1.  CONTRACTS.—*Void Clauses.—Election.—Rights of Way.—Interurban Railroads.*—A provision in a contract granting to certain persons and to their assignees a right of way for an interurban railroad, making the grant void if the road should not be built within one year, is for the benefit of the grantor, and is enforcible at his election.  p. 670.

2.  DEEDS.— *Covenants.— Limitations.— Liability.*— A deed conveying an interurban railroad right of way to certain persons, empowering them to assign to a certain corporation, imposes no obligation upon such persons to convey, and does not lessen their liability for a failure to perform the covenants contained therein, while they retain the legal title to such right of way.  p. 671.

3.  DEEDS.—*Covenants.—Breach.—Interurban Railroads.—Rights of Way.*—The grantees in a deed are liable for a breach of covenant in failing to construct an interurban track as agreed, where they employed an interurban railroad company to construct such track, although such deed empowered them to convey to such company, and such intention was understood at the time of the execution of the deed.  p. 671.

4.  DEEDS.—*Easements.—Rights of Way.—Interurban Railroads.*—An interurban railroad right of way can be conveyed only by a written instrument.  p. 672.

5.  TRIAL.—*Instructions.—Covenants.—Breach of.*—An instruction that if there was a breach of defendant grantees' covenants contained in the deed to their right of way, by some other person or corporation, and that defendants knowingly permitted or procured such breach to be committed, the defendants are liable though inaptly worded, is not prejudicially erroneous.  p. 673.

6.  COVENANTS.—*Breach.—Persons Liable.—Deeds.*—The holders of the title to land are personally liable for all breaches of covenants running with the land, while they are such owners.  p. 673.

7.  APPEAL.— *Weighing Evidence.— Separate Paragraphs of Complaint.*—A general verdict will not be overthrown, on appeal,

because the evidence upon the second paragraph of the complaint is insufficient to support it, where the evidence does support it on other paragraphs. p. 673.

From Johnson Circuit Court; *Fred R. Owens,* Special Judge.

Action by James R. Givens against James T. Polk and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*L. Ert Slack* and *William Featherngill,* for appellants.
*Fremont Miller* and *Douglas Dobbins,* for appellee.

RABB, P. J.—On April 15, 1902, the appellee executed to the appellants, James T. Polk and E. A. Robinson, a deed of release, by which the appellee conveyed to the grantees named in said deed a right of way for an interurban railroad across appellee's farm in Johnson county, said deed reciting a consideration of $60, the receipt of which was acknowledged, ''and in further consideration of the conditions hereinafter named.'' The conditions therein named were as follows: (1) That said grantees or their assignees should construct and maintain crossings and approaches thereto, over and across said strip of ground at such points as there were gateways; (2) the grade should be so constructed that it would not interfere with any tile-drains, and in all instances where fills were constructed, cross-sewers or culverts of ample capacity to carry off the surface-water should be laid under the roadbed of said right of way, said culverts to be located at places where water naturally flowed; (3) said grantees should construct, equip and operate said railroad over and along said described right of way within one year from June 1, 1902, or upon failure to do so said instrument should be void and of no effect; (6) the conveyance made to said Polk and Robinson was to be assigned only to an incorporated company, then in contemplation, for the construction, ownership and operation of said road, the same to be known by the name of ''The Indianapolis, Greenwood

and Shelbyville Electric Railway Company.'' The appellee
brought an action against the appellants to recover dam-
ages for the breach of the covenants contained in said deed.
The complaint was in four paragraphs, the third of which
was dismissed. Appellants' demurrer to the first, second and
fourth paragraphs was overruled, the cause was put at issue,
a jury trial was had, a verdict returned by the jury, together
with answers to certain interrogatories propounded to them.
Appellants' motion for a judgment in their favor upon the
answers to the interrogatories, and their motion for a new
trial were overruled, and judgment was rendered in favor
of the appellee upon the verdict.

The errors relied upon for reversal are the ruling of the
court upon appellants' demurrer to each paragraph of the
complaint, the overruling of appellants' motion for judgment
in their favor upon the answers returned by the jury to in-
terrogatories, and their motion for a new trial.

The first paragraph of plaintiff's complaint, after setting
forth the deed, averred the performance of the conditions of
the contract imposed upon him, and that the defendants en-
tered into possession of the premises described in the deed,
and proceeded to construct a railroad grade, and alleged
their violation of the covenants contained in said deed, in that
they failed to construct proper cross-sewers and culverts un-
der said grade, thereby obstructing the natural flow of the
water, and causing damage to plaintiff; that they failed to
construct crossings and approaches over said grade, to plain-
tiff's damage, and that they failed to construct and equip
the road, as the covenants in said deed required them to do.
The second paragraph averred the nonpayment by the de-
fendants of the money consideration of $60, expressed in the
deed, and demanded judgment for that sum. The fourth
paragraph of the complaint, after averring the execution by
plaintiff of the conveyance and release of the right of way to
defendants averred that plaintiff, under said contract, sur-
rendered to defendants the possession of the strip of land de-

scribed in the deed; that, after taking possession of the same, defendants procured the employes and servants of the Indianapolis, Greenwood and Shelbyville Electric Railway Company to make large and long fills and long and deep cuts on said strip of land, tear down and destroy fences, remove and destroy tile-drains, and greatly injure and destroy growing crops of wheat, corn, oats, hay and grass; that the defendants wholly failed to carry out said contract on their part, and failed to perform each and all of the conditions and specifications mentioned in said release of right of way, in that the defendants have not constructed and maintained crossings and approaches over the railroad cut and fills on said strip of land, at such points where gateways were located at the time of the execution of said contract or release of right of way; that defendants failed to construct cross-sewers or culverts of ample capacity to carry away the surface-water, and did interfere and destroy tile-drains, and thereby the water was caused to accumulate on plaintiff's land; that the defendants wholly failed to construct, equip and operate a suburban and interurban railroad within the time specified in the contract, or any time since, but left said land with fills ten to twenty feet wide, and four or more feet high, and cuts ten to twenty feet wide, and three or more feet deep; that the defendants have not paid the sum of $60, or any amount whatever, for said land, nor has any other person paid to plaintiff said sum or any sum for said land so taken, by reason of which the plaintiff is damaged $1,000.

The appellants assail each paragraph of the complaint on the ground that the contract sued upon was, by its terms, void at the time the suit was brought, and that the contract sued upon is shown upon its face to have been made for the benefit of the Indianapolis, Greenwood and Shelbyville Electric Railway Company. Neither point is well taken.

1. The provision in the contract, that the lease should be void upon the failure of the grantees to construct,

equip and operate the railroad over and along the right of way within one year from June 1, 1902, was for the sole benefit of the appellee, the grantor, and the contract would become void on the failure of the grantees to perform their covenant at the election of the grantor, and not otherwise. *Edmonds* v. *Mounsey* (1896), 15 Ind. App. 399; *Hancock* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 146.

Nor is there anything in the point that the contract or the release of right of way was made for the benefit of the Indianapolis, Greenwood and Shelbyville Electric Railway Company. The conveyance was made directly to the appellants. It is not made in trust for any one, and conveys the absolute title to the right of way to the grantees. It fully authorizes them to construct and own an interurban railway of the character described in the conveyance. The conditions imposed in the deed, that it should be assigned only to the certain corporation, imposed no obligation upon the appellants to assign it to such company; it was simply a limitation upon their right to make any assignment at all. The appellants were absolutely bound by the covenants contained in the deed, precisely as a railroad corporation would be had the conveyance been made to such corporation. They became personally bound by the covenants contained in the instrument, whether the violation of those covenants was the personal act of the appellants or of some one authorized by them while they were still the legal holders of the title conveyed by the deed.

The answers to the interrogatories returned by the jury with the general verdict find that the appellee intended and understood when he executed the release to the right of way, that it was to be assigned and turned over by Polk and Robinson to the Indianapolis, Greenwood and Shelbyville Electric Railway Company; that the company was organized as a corporation before the commencement of the grade on the farm of appellee; that appellant

Robinson was the secretary of the company, and appellant Polk was the vice-president; that the Indianapolis, Greenwood and Shelbyville Electric Railway Company built, or caused to be built, the grade along appellee's farm in the year 1902. It is insisted by appellants that the answers to these interrogatories are in irreconcilable conflict with the general verdict, because they show that the Indianapolis, Greenwood and Shelbyville Electric Railway Company built the grade along the right of way, the building of which is the basis of appellee's action, and that appellee understood and intended that the release of the right of way was to be assigned to the company. We think there is no lack of harmony between these answers and the general verdict. It matters not if the Indianapolis, Greenwood and Shelbyville Electric Railway Company did build the grade. The appellants would nevertheless be liable for the breach of the covenant. It is averred in the complaint that the appellants took possession of the right of way under the deed, and procured the railroad company to build the grade, etc. The general verdict finds these facts to be true. Appellants were still the legal owners of the right of way, and in possession under their deed.

It is insisted that appellants' motion for a new trial should have been sustained on account of error of the court in giving instructions twelve, thirteen, fourteen and fifteen.

4. Instruction twelve informed the jury that the appellants could not assign nor transfer the interest conveyed to them by the deed, except in writing. We think that this instruction correctly states the law. The right of way in question was an interest in real estate, which could be transferred from one person to another only by an instrument in writing. There was no error in giving instruction thirteen, for the same reason.

Instruction fourteen was as follows: "If you find from the evidence that there was a breach or breaches of one or

more of the covenants in the release sued upon, by

5. some other person or corporation not a party thereto, and that the defendants, or either of them, knowingly permitted and procured to be done such acts as constituted such breach or breaches by said other person or corporation, then the defendants would be liable in the action on the first and fourth paragraphs of the complaint herein, for any breach or breaches of the express covenant of such release.'' This instruction is inaptly worded. There could be no such thing as a breach of the covenants of the release by third persons who are in no sense parties to the covenant, but if the defendants knowingly procured persons to do acts which were a violation of the covenants, such acts would be a violation of the covenants by the appellants themselves, and whatever error or mistake there may have been in the technical accuracy of this instruction, it was harmless. The idea conveyed in the instruction correctly expresses the law. No error intervened in giving the fifteenth instruction, for the reasons already set forth regarding instructions twelve, thirteen and fourteen.

Appellants have the wrong conception of the law governing the rights and obligations of the parties to covenants that run with the land. The parties to such covenants are

6. bound thereby, and the party to whom a right of action accrues on account of the violation of the covenants that run with the land is not limited in his right of action to the person whose immediate act violates the covenant. Each grantee becomes liable for a violation of the covenant so long as he holds the legal title to the premises conveyed under the deed containing the covenants. *Heller* v. *Dailey* (1902), 28 Ind. App. 555, and cases cited.

Appellants insist that the evidence is not sufficient to sustain the verdict under the second paragraph of the

7. complaint. Conceding that it is insufficient to sustain the verdict under this paragraph of the complaint, the

verdict returned by the jury is general, and there is evidence amply sufficient to sustain the assessment of damages made by the jury under the first and fourth paragraphs of the complaint.

We find no error in the record. Judgment affirmed.