**LOGAN et al. v. ELLIOTT et al.**

No. 12811.

Court of Civil Appeals of Texas. Fort Worth.

April 8, 1933.

Rehearing Denied May 6, 1933.

Frank R. Graves, of Fort Worth, for appellants.

Mack Taylor and Arthur Lee Moore, both of Fort Worth, for appellees.

LATTIMORE, Justice.

Appellants sued appellees for $25,000, alleging and proving that appellants assigned an oil and gas lease on lands in Caldwell county by a contract in writing which bound the appellees to proceed with due diligence to drill an oil and gas well (details set out in the contract) and as part payment for said lease appellees agreed to deliver in the pipe line one-half of seven-eighths of all oil "produced and saved from said lands" until such oil at a fair market equaled the sum of $25,-000.

Appellees did not drill the well and defended on several grounds, one of which was that the lease, before they had opportunity to drill, was shown conclusively by adjacent tests to be dry.

Trial was before the court and judgment was rendered for defendants. No findings of fact or conclusions of law are filed or made.

The briefs of the parties however confine the issue to one: Was the only measure of damages established the correct one?

Appellants sued on the theory that when appellees abandoned the lease without drilling a well, their liability in cash for the $25,000 oil payment became fixed and due.

There is language in Empire Gas & Fuel Co. v. Pendar (Tex. Civ. App.) 244 S. W. 184, 192, to support such contention, although that case turned upon the fact that the court held the burden of proof was upon the driller obligee to show that the oil from said lease "would not have been produced in sufficient quantities to discharge its obligation," and that such burden of proof had not been discharged and that therefore the trial court's judgment awarding cash in lieu of the oil was affirmed. This is the rule announced in Stoddard v. Illinois, etc., Co., 275 Ill. 199, 113 N. E. 913.

It will be noted that there was in the Pendar Case an express obligation to drill. That case is cited in Honaker v. Guffey. Petroleum Co. (Tex. Civ. App.) 294 S. W. 259, 263, in which the obligation was implied. It has been said that the implied obligation, once established, is as binding as an express agreement. In Texas & P. C. & O. Co. v. Stuard (Tex. Civ. App.) 269 S. W. 485, it was held that it was a complete answer to the implied obligation to develop if the proof showed that in sound discretion and judgment there was no oil to be obtained by drilling on the lease.

In Cotherman v. Oriental Oil Co. (Tex. Civ. App.) 272 S. W. 616, 622, part payment for the lease was $9,000 in oil to be saved from wells to be drilled on the lease. The drilling was abandoned before reaching the specified depth. Cotherman sued for the $9,000 cash and in the alternative for the value of the leasehold assigned. The opinion says that the failure to drill as per contract established the right to nominal damages and continues as to the measure: "In order to recover the $9,000 which was to be paid in oil, appellant must make it appear, with such certainty as would satisfy the minds of reasonable men, that he lost that sum as the result of appellee's failure to drill to the depth of 1,850 feet, and to do this the probative force of the testimony should be such as to eliminate from the field of mere conjecture, the existence of oil at that depth, and while appellee, on account of the breach of the contract, is not in a position to demand the most exact and satisfying proof, his breach, in our opinion, would not relieve appellant from producing testimony that would enable the minds of intelligent men to reach a conclusion founded on facts rather than surmise."

That such is a breach is said in Cochran v. Pew, 159 Pa. 184, 28 A. 219, though the

measure of same in that case was measured by rental set out in the contract and sued for. Also, Daughetee v. Ohio Oil Co., 263 Ill. 518, 105 N. E. 308. The reasoning in the Cotherman Case is supported by Duff v. Bailey (Ky.) 96 S. W. 577, holding that there can be no recovery absent a showing that oil would have been produced by drilling a well.

■ An analysis of the familiar rule gives us the true answer to the question. Ordinarily, on a breach of contract by one, the other has a right to rescind, or to stand on same. If he stands on the contract, he may ask specific performance, or damages in the extent of his lost profits.

■ That this contract is of a nature that a specific performance cannot be compelled, all the authorities agree.

■ To recover his lost profits, Logan must show what they would have been. No one can say that he would ever have gotten this $25,000 in oil. Elliott, as expert, says, based on dry holes adjacent, that he would have gotten none of it. Suppose Elliott is mistaken and a well had proven a small one, no one attempts to say whether Logan would have all or a part of the oil payment. Nor is any evidence furnished from which any conclusions as to same can be drawn. The object of that alternative (for actual damages) is to make the injured party whole. To do this we must furnish him his day in court to recover what would be reasonably expected to be the profits on his deal, not what he hoped for but what was reasonably to be expected.

■ It stands to reason that the mere recital of $25,000 out of half the oil was not the proof that such was the cash value of the lease. The uncertainty of finding oil, the vicissitudes of drilling and production, the whimsical traits of wells after being brought in, are common knowledge. All of these make such a contract highly speculative in its nature. It is generally a gamble upon the fickle wheel of fortune. Such facts are as well known to the lessee. Elliott offers to pay out of oil produced a larger sum than he would pay in cash before development. If he gets a huge well, he can pay all and have a fortune left. If a small well, he pays only a part of the $25,000; if he gets a dry hole the lessor has lost the value of the lease and he the

cost of drilling. At least we can say that this hypothesis is not as a matter of law untrue.

■ Then to give Logan his $25,000 would be to turn his gamble into a "cinch"; to make Elliott pay not damages but a penalty. The policy of the law is against penalties unless the contract being of a nature justifying same provides for a penalty. This contract did not so provide.

■ We conclude that appellants cannot recover in this case the $25,000 as profits on this venture because such are a mere speculation, an uncertainty that any profit at all would have accrued. It is no objection to recovery that the amount may not be measured with certainty. It is a bar if the probability of such profits is a mere guess, a dream, a speculation.

■ On the other hand, Logan's lease had a market value at the time he made this contract. That value is now diminished or gone through Elliott's failure to drill. No one can say, as a certain fact, that Elliott would not have gotten production. Texas & P. C. & O. Co. v. Stuard, supra. Elliott, if he has breached his contract, must pay what Logan can be proven to have lost.

What then has Logan lost in such a case that is capable of reasonable estimate? He has lost the diminution of the market value of his lease if he still owns it; if he has lost all by Elliott's acts then the cash market value of the lease at the time he signed the contract.

This is fully discussed in Henry Oil Co. v. Head (Tex. Civ. App.) 163 S. W. 311, and several times cited with approval; Cotherman v. Oriental Oil Co., supra. This is also the rule in Mollohan v. Patton, 110 Kan. 663, 202 P. 616, 205 P. 643.

■ The judgment of the trial court must be affirmed, first, because the plaintiffs offered no proof other than the contract and that no well was drilled and that they had received no part of the $25,000; second, because the expert testimony of the defendants was that the lease was barren of oil and gas. We must presume that the court in entering judgment for the defendants found the facts to be in accordance with such testimony. In such event, even under the Pendar Case, the plaintiffs cannot prevail.