WASHINGTON AUTO SALES COMPANY *v.* PEOPLES STATE BANK.

[No. 14,856. Filed February 15, 1935.]

*Sol C. Bodner,* for appellant.

*L. R. Zapf,* for appellee.

DUDINE, P. J.—On June 23, 1927, Oscar V. Rouse and Luella Rouse, his wife, executed a trust deed covering certain premises to appellee. The deed was duly recorded July 11, 1927. By this conveyance appellee acquired from the grantors "all of their right, title and

interest in and to the property" in trust with power "at its (appellee's) discretion (to) sell any part or the whole of the said real estate . . . at public or private sale, and transfer and convey the same by proper deeds· or instruments and collect and· receive the proceeds of such sales as and when had; (to) collect or have collected and receipt for all rents, profits or other income arising out of or derived from said property." (Quoting from deed.)

On October 10, 1927, appellant, a corporation, leased said premises for a term of five years beginning October 10, 1927, at a rental of $125.00 per month, payable in advance, as was evidenced by a written lease executed by appellant and by said Mr. Rouse, appellee's grantor. Appellant occupied the premises until on or about April 12, 1932, and paid the monthly rental up to and including the rental due February 10, 1932.

On April 12, 1932, appellee instituted this cause to collect rent in the sum of $250.00 for the two months, beginning respectively on March 10, 1932 and April 10, 1932.

The complaint was in one paragraph. It is not necessary that we discuss the complaint. Appellant filed answer in two paragraphs, the first being a general denial. The second paragraph of answer alleged that appellant did not enter into any lease with appellee, and that appellant did not occupy the premises after March 10, 1932. Appellee filed a reply in general denial to the second paragraph of answer.

The cause was submitted to the court for trial without a jury, and the court found for the appellee and rendered judgment in appellee's favor in the sum of $250.00.

Appellant filed a motion for new trial, which was overruled, whereupon this appeal was perfected, the sole error properly assigned being error in the overruling of said motion for new trial.

The only grounds for new trial set forth in the motion therefor, and discussed by appellant under its "Points and Authorities" in its brief are: (1) The decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence.

Appellant contends as follows:

"This being an action on a certain written lease, it was incumbent upon appellee to prove that there was a lease between appellant and appellee. This they have failed to do. The only lease that appellee introduced was between appellant and Oscar V. Rouse and Luella Rouse. This appellee cannot take advantage of that lease for the reason they are not mentioned therein and never were disclosed as the owner of the premises. . . . only Rouse could have sued on such lease. . . . No evidence was introduced to show the assignment of such lease to the appellee, or in any manner to connect this appellee or make appellee a party to such lease, . . ."

Appellant's brief contains several other "points," but they are not applicable to the instant case, and therefore we will not discuss them.

Appellant's contention, as above quoted, is in effect a contention that, the holder of the title in fee simple to real estate, who has complete power to collect rents therefrom, can not recover such rents pursuant to a written lease agreement entered into by the lessee and the owner's predecessor in title, if the owner is not mentioned in the lease, unless there is an assignment of such lease to the owner. Appellant cites no Indiana authorities in support of said contention and there are none.

Our Supreme Court and this court have consistently held that "a covenant for the payment of rent, . . . belongs to that class of covenants which are annexed to, and run with the land. The land itself is the principal debtor and the covenant to pay rent is the incident. . . . *Carley* v. *Lewis* (1865), 24 Ind. 23; *Ed-*

*monds et al.* v. *Mounsey* (1896), 15 Ind. App. 399, 44 N. E. 196; *Indiana Nat. Gas. Co.* v. *Hinton* (1902), 159 Ind. 398, 64 N. E. 224. See authorities 41 A. L. R. 1370.

If Rouse had been the owner in fee simple of the real estate at the time the lease was executed, and during the term of the lease had conveyed his title therein to appellee, appellee could have recovered the rental pursuant to the lease agreement on the theory that appellant's covenant to pay rent ran with the land. There is no good reason why a conveyance of Rouse's title to appellee, before execution of the lease, should not give to appellee the same right on the same theory. We hold that appellant's covenant to pay rent annexed to the real estate, and appellee as the holder of title thereto, could recover the rental pursuant to said covnant, although appellee was not mentioned in the lease, and although said lease was not assigned to appellee.

There is evidence in the record showing the facts set forth in this opinion. The evidence is sufficient to sustain the decision of the court and the decision is not contrary to law.

Judgment affirmed.