## WESTGATE–GREENLAND OIL CO. v. MACK.

### No. 11178.

Court of Civil Appeals of Texas. San Antonio.

July 8, 1942.

Rehearing Denied Aug. 5, 1942.

W. C. Barnett, Jr., of Houston, and Crain, Vandenberge & Stofer, of Victoria, for appellant.

Thomas H. Ball, D. A. Simmons, and Murray G. Smyth, all of Houston, for appellee.

NORVELL, Justice.

Westgate-Greenland Oil Company has appealed from a judgment based upon a peremptory instruction awarding to it a recovery of nominal damages only against appellee, J. O. Mack, because of Mack's breach of a written contract for the drilling of certain oil wells upon lands lying within the townsite of Placedo, Victoria County, Texas.

The only point involved upon the appeal is the proper measure of damages in a case of this character.

On October 5, 1936, the appellant owned oil, gas and mineral leases covering fifty-four tracts within the Placedo Townsite, as well as nine tracts in fee, and on said date entered into a contract with appellee for the development of the property. Appellant conveyed the property and interests above described to Mack, who agreed to drill a well to the depth of 6000 feet or production at a lesser depth. If this well produced, Mack agreed to drill three additional wells, with the proviso that should any subsequent well prove unproductive, he should be relieved of the obligation to further drill.

Paragraph 5 of the contract relates to the interest retained in the conveyed properties by the appellant and reads as follows: "5. First party reserves unto itself as part of the consideration for said assignment, one-fourth of seven-eighths of the first oil produced and saved from said premises, to be run by Second Party to his successors or assigns, to the credit of First Party into the pipe line to which the well or wells on said property may be connected until first party shall have received the net sum of Thirty Thousand Dollars ($30,-000.00) exclusive of deductions and gross production taxes; thereafter, when full and final payment of said Thirty-Thousand Dollars has been made to said First Party,

**32**

its successors or assigns, First Party reserves unto itself only one-eighth of seven-eighths of all the oil produced and saved from said premises, to be run as aforesaid until first party shall have received the additional net sum of One Hundred and Twenty Thousand ($120,000.00) Dollars exclusive of deductions and gross production taxes. After the full and final payment of the $150,000.00 oil payments to first party, its successors and assigns, as above provided, all of the right, title and interest of first party hereby transferred, assigned and conveyed shall vest absolutely in second party."

The trial court's order granting a motion for a peremptory instruction recited that "* * * according to all the competent and admissible testimony in evidence there was a breach of said contract by the defendant (Mack). However, there is no evidence in the record by which the Court or the jury could estimate or find the damages incurred by plaintiff (appellant) by reason of said breach of said contract under any of the legal rules applying to the measure of damages in this kind of case. The Court, therefore, rules that he should, and the Court will, instruct the jury to return a verdict for the plaintiff and against the defendant for nominal damages only in the sum of One Dollar ($1.00)."

Appellant contends here that "The trial court applied the wrong measure of damages and, as a result, erred in entering judgment for nominal damages only, when the facts and law entitled appellant to judgment for the full amount sued for."

The trial court's action in giving the peremptory instruction was correct for the reasons set forth in the order.

It is well settled in this State that the "value of performance" is the measure of damages applicable to actions for breach of contract to drill an oil well, when the primary benefit sought to be realized by the contract is the development of the oil and mineral resources of the properties involved. Riddle v. Lanier, 136 Tex. 130, 145 S.W.2d 1094.

In this case, as in Guardian Trust Company v. Brothers, Tex.Civ.App., 59 S.W.2d 343, 345, writ refused, "the only way to put appellants in the position they would have been put by performance would be to award them damages measured by the value of their royalty. The burden was

upon them to establish that value, but they offered no evidence thereof."

The interest retained by appellant under paragraph 5 of the contract was a royalty interest—an overriding royalty in so far as the lands held by appellant under oil, gas and mineral leases were concerned.

Upon the question of the proper measure of damage, no legitimate distinction can be drawn between royalties, overriding royalties, and royalty interests which terminate upon the payment of a certain specified sum of money, as in the case before us. Taubert v. Earle, Tex. Civ.App., 133 S.W.2d 145, writ refused.

Appellant relies upon Empire Gas & Fuel Co. v. Pendar, 244 S.W. 184, by the Galveston Court of Civil Appeals. That case may be distinguished from this one by reason of the different contractual provisions involved. We need not and do not express an opinion as to whether or not we would follow the holding of the Galveston Court as to the legal situation of the parties arising out of or resulting from a contract similar to that involved in the Empire—Pendar case.

The judgment of the trial court is affirmed.